Messrs. Clymer and M. Biddle, *pro def.*

# John Pott junior *against* Jacob Lesher.

In an action for use and occupation, a contract express or implied must be proved.

THE plaintiff declared on two counts. 1st, *Indebitatus assumpsit* for 500l. for the use and occupation of one furnace, &c. in East District township. 2d, on a *quantum valebant.*

The facts which appeared in evidence, were as follows:

John Lesher being seized of the premises, and a judgment to a considerable amount being recovered against him, on the 10th June 1784, entered into articles of agreement with the plaintiff and Jacob Morgan, junr. his sons in law and the defendant his son, whereby the said John Lesher sold, granted and conveyed to the said John Pott, Jacob Morgan and Jacob Lesher, and *their heirs, as tenants in common, all [*577 his lands and real estate (excepting fifty acres of woodland) and covenanted to make a formal conveyance of one undivided third part to each of them in three months. The consideration therein expressed was 5s. and the grantees respectively covenanted, for themselves separately and not jointly, that each would pay off one third part of the said judgment, and indemnify the said John Lesher against all monies, costs and charges thereon. These articles were executed by John Lesher and Jacob Morgan, jun. but not by the other parties. The plaintiff however paid 330l. 5s. on account of his father-in law's debt, but a much larger sum remained due of his proportional part of the judgment. The defendant paid no part thereof, and on the 8th June 1786, in consideration of 5s. re-conveyed to his father, his undivided right. On the 1st January 1786, the plaintiff as a joint

I YEATES—35

[Pott *v.* Lesher.]

owner, with the approbation of John Lesher, rented his share of the furnace and lands to Jacob Bower for three years under the annual rent of 20 tons of pig iron, but on the plaintiff's not complying with his covenant, old Lesher directed the tenant to pay him no more rent. Two valuable tracts of land of the said John Lesher were afterwards sold by the sheriff to discharge the judgment, and a family controversy arising thereon, the said John Lesher conveyed the lands, which he had originally intended for the plaintiff, to John Teyscher, another son-in-law.

No evidence was given to shew in what manner the defendant came into possession of the furnace and lands; but it was admitted, that he held them for some time. He contended that he never came in under the plaintiff's permission, but by his father's order, after the plaintiff's breach of covenant.

The plaintiff urged, that the possession of one tenant in common, was the possession of the other. Espin. 2d. edit. 434.

The law will presume, that the defendant came in under the article, and held for himself and his co-tenants, and will therefore subject him to account for their shares of the profits. His uninterrupted enjoyment of the premises, is evidence, that he held by permission of the other partners. They cited Birch *v.* Wright, 1 Term Rep. 378.

The defendant insisted, that in cases of this nature, it must be expressly proved, that the defendant came into possession under the plaintiff, and held by his permission. The action is novel in Pennsylvania. The stat. of 11 Geo. 2, c. 19, gave the remedy in England, but the suit must be founded on a pro*mise. Espin. 20. And this is the reason, why *nil habuit in tenementis* is no good plea to an action for use and occupation. Ib. 165. 1 Wils. 314. Here the plaintiff has failed in his proof, and must be nonsuited.

*[*578]

By the court. We feel no inclination to turn the plaintiff round to another suit, if justice could be administered in the present action, agreeably to the established rules of law; we however feel ourselves bound to adhere to the settled boundaries of actions. We should in an action for use and occupation, under the evidence adduced, try an ejectment, the defendant holding adverse to the plaintiff's title, and not under his licence. The suit is brought for use and occupation under the defendant's permission; and the *allegata* and *probata* must agree. Independent of the authorities cited, why should these matters be laid in the declaration, if it was not necessary that they should be proved? It was formerly held, Hutt. 24, Cro. El. 242, that case would not lie for rent. But the law is now settled to be otherwise where there is an express promise. 3 Mod. 73, 239. Cro. Car. 414. 1 Lev. 204. 2 Show. 135.

[Pott *v.* Lesher.]

To aid the interests of landlords, the statute of 11 Geo. 2, c. 19, was enacted in England, which allowed a degree of evidence, not admissible before, in suits similar to the present. Such actions have also been brought in Pennsylvania. But a promise either express or implied, must be shewn, even since the statute, and proof given that the defendant came into possession by the permission of the plaintiff; or at least such strong circumstances must be shewn, as would preclude the idea of an adversary claim. The decision in the case of Birch *v.* Wright, went on the ground, that the defendant was originally tenant from year to year to Mr. Bowes; and that under the operations of the indenture and fine levied by him and lady Strathmore his wife, the plaintiff became the rightful landlord until the time of the ejectment brought. And Buller, J. lays it down, (1 Term Rep. 387,) that the action for use and occupation is founded on contract; and unless there were a contract either express or implied, the action could not be maintained.

Here the proof to support this species of action, is materially defective. But the plaintiff is not without remedy. If he is equitably entitled under the agreement of 10th June 1784, and has substantially performed his part of the covenants, he can support ejectment for the undivided third part of the premises; and succeeding herein, he may bring trespass for the mesne profits. But in this family dispute, we recommend a reference to *neighbours. This not being agreed to, [*579 the plaintiff suffered a nonsuit.

Messrs. Clymer and M. Biddle, *pro. quer.*

Messrs. Read and Spayd, *pro def.*

Referred to in 51 Pa., 265.

Cited in 68 Pa., 60, in support of the proposition that an express contract to pay rent may be proved under a count for use and occupation.

Cited in 72 Pa., 154, to show that the action of assumpsit is founded on a contract express or implied, and will not lie where the relation of landlord and tenant does not exist.