JACKSON, *ex dem.* THOMPSON and nine others, *against*
THOMPSON and others.

On the rule      AT February term last, the defendants obtained, on mo-
for judgment
as in case of tion for judgment as in case of nonsuit for not proceeding
non-suit, *nisi*, to trial, a rule that the motion be granted, unless the plain-
&c., if it be not
complied with, tiff should stipulate to try at the next circuit, and pay cer-
judgment may
be entered tain costs. The stipulation was given, and, on the 31st of
*nunc pro tunc* May last, the costs, being first duly taxed, were demanded
as of the term
when the rule of A. Neeley, one of the lessors of the plaintiff. Not being
was taken;
though another paid within the 20 days, on the 21st of June, the defendants
[*427]        *entered a rule for judgment of nonsuit *nunc pro tunc*, as of
term is suffer-
ed to elapse February term.
before the se-
cond rule is
entered. And in the latter case, *semble*, that it may also be entered as of the previous term
intermediate the entry of the 1st and 2d rule.
   The demand of costs under the rule *nisi*, for judgment as in case of nonsuit in ejectment,
may be of any one of the lessors;
   Or, *semble* of the plaintiff's attorney.

The plaintiff treated the judgment as a nullity ; and proceeded with his cause at the circuit; where, the defendants refusing to appear, a nonsuit was entered for not confessing lease, &c.

Motions were now made by the defendants, to set aside the nonsuit, &c., and by the plaintiff to set aside the judgment as in case of nonsuit. It was agreed by the counsel, that both must depend on the regularity of the latter.

*J. A. Spencer*, for the plaintiff, objected that the judgment as in case of nonsuit was irregular for two reasons: 1. Because it was entered as of February term, whereas it should have been as of May term ; 2. That the demand of costs should have been of the attorney for the plaintiff, who represented all the lessors of the plaintiff, or of all the lessors, not one of them. To the latter point, he cited Dunl. Pr. 320, 321, 360, 561.

*G. B. Throop*, contra.

*Curia.* The rule for judgment was regularly taken, as of February term, when the original rule was entered. In this case, perhaps it would have been well, either as of February or May term.

The costs were properly demanded of one of the lessors of the plaintiff. On the authority of *Gilliland* v. *Morrell*, (1 Caines' Rep. 154, 155,) a demand, either of the party or the attorney, seems to be sufficient, in order to a judgment upon this rule *nisi*.

But, under the circumstances of the case, we set aside the nonsuit at the circuit, and the judgment as in case of nonsuit, all costs to be paid by the plaintiff; with a view that the cause may be tried on its merits.