# Menough's Appeal.

If, in a lease for a year, no time be mentioned for the payment of the rent, it is by law payable at the end of the year; and if before that time the land be sold by the sheriff upon a judgment prior in date to the lease, the rent will go to the purchaser, although the landlord may have assigned it to a third person before the sale.

THIS was an appeal from the decree of the Court of Common Pleas of *York* county, distributing the proceeds of the sale of the personal property of Henry Wolf. Michael Wolf being the owner of a farm, leased it to his son Henry Wolf for one year from the 2d April 1839, for the rent of $575, no time being fixed by the lease for the payment of the rent. On the 13th March 1839, John Martin obtained a judgment against Michael Wolf, on which an execution issued, and the farm was levied and sold to Jacob Erwig, who received the sheriff's deed therefor on the 9th November 1839. On the 12th August 1839, Michael Wolf assigned the rent to James K. Menough. On the 2d April 1840, John Bear issued an execution against Henry Wolf, which was levied upon the grain then growing upon the land; and on the 9th May 1840, it was sold by the sheriff for $457. The proceeds of this sale were the subject of controversy. John Bear claimed it as the execution creditor; James K. Menough claimed it as assignee of the landlord; and Jacob Erwig claimed it as being the purchaser of the land, and consequently entitled to the rent, which, he contended, did not become due until after his title accrued.

· The court below (DURKEE, President), decreed the money to Jacob Erwig, the purchaser of the land.

From this decree James K. Menough appealed.

*Hambly,* for the appellant, argued that as no time was fixed for

[Menough's Appeal.]

the payment of the rent, the landlord might consider it due at any time after the execution of the lease, upon the principle that when no time is fixed in a note for its payment, it is due presently. It being due, therefore, before the sale of the property, the landlord had a right to assign it. 9 *Watts* 438.

*Barnitz*, contra, whom the court declined to hear.

The opinion of the Court was delivered by

SERGEANT, J.—This is a contest for the year's rent between the purchaser of the land at sheriff's sale, and the assignee of the debtor. After judgment obtained against the debtor, he made a lease for a year at a rent of $575. No time being stipulated for the payment of rent, it was by law payable at the end of one year, and not before, rent being in its nature a *reditus* or return for the enjoyment of the annual profits of the land. The purchaser's title under such judgment is paramount to the lease, and it is at his option, by the 119th section of the Act of 16th of June 1836, to disaffirm the lease, or to affirm it, and avail himself of the legal rights and remedies of the former owner to recover the rent. The assignment of the current rent before it was due, by the former owner, might have been binding on him, had his title to the land continued; but it is invalid as against the purchaser under a previous judgment against him. He is substituted (if he pleases) as landlord. The accruing rent runs with the land, and cannot be separated from it by the act of the debtor, before it is due, as against the purchaser under the judgment. The right to the current rent is a mere contingency, made indefeasibly subject to the will of the subsequent purchaser at sheriff's sale, by the Act of 1836. The Act prohibits the payment of the rent in advance, where such has not been the express stipulation; and the right to sell and assign the rent in advance, would produce the same effect as payment of it in advance. The decree of the court below is, therefore, to be affirmed.

Decree affirmed.