# Borrell *versus* Dewart.

### *Right of Sheriff's Vendee to accruing Rent.*

1. The rule that a purchaser of land buys all that is growing on or issuing out of it belonging to the seller, unless especially exempted (including rent, in money, or in kind, accruing out of an unexpired term), applies also to lands sold at sheriff's sale.

2. A purchaser at sheriff's sale, which took place after the expiration of a term for years, is not entitled to the rent which accrued before, but which was not payable until after the sale.

3. But if the rent is yet becoming due, out of a term that is not completed when the purchase is made, it is rent "accruing thereafter," within the meaning of the Act of the 16th of June 1836, and passes by the sale.

4. The fall grain sown in any one year belongs to the tenancy of that year, and, as the term for the crop does not extend beyond the next succeeding harvest, a sheriff's vendee, at a sale made after that harvest, is not entitled to any share of the grain as rent. It does not pass with the reversion.

ERROR to the Court of Common Pleas of *Northumberland county.*

This was an amicable action in covenant, in which William L. Dewart, the defendant in error, was plaintiff, and Peter Borrell was defendant. The following case was stated for the opinion of the court:—

"The parties agree upon and file in the above-stated action this case stated, to be considered in the nature of a special verdict.

"By indenture of lease, dated the 14th day of February, A. D. 1855, the plaintiff demised his farm, situate in Lower Mahanoy township, in the county of Northumberland, to the defendant, for the term of one year from the first day of April thence next ensuing, and by the same indenture covenanted that the said defendant should have the refusal of the said farm for a longer term, provided he, the said plaintiff, should not sell it. By the said indenture the said defendant covenanted to deliver to the

said plaintiff, as rent for the said farm, at such place in George-town as the said plaintiff. should direct, in the bushel, one-half part of all the grain he, the said defendant, should raise upon the said demised premises.    The defendant entered into the pos-session of the said demised premises, under the said indenture of lease, on the said first day of April 1855, and has continued in possession of the same, under the said lease, and by virtue of his hereinafter-mentioned purchase of the said premises at she-riff's sale up to the present time.    At the time of the execution of the said lease there were no judgments against the plaintiff in the Court of Common Pleas of Northumberland county, nor did any liens against the demised premises exist at that time, but afterwards judgments to a large amount were obtained against the plaintiff in the said court, the first of which was entered on the twenty-sixth (26) day of February 1857, in favour of Jesse Williams, plaintiff, for the sum of $5000, No. 161 of January Term 1857.    Among other judgments obtained against the plain-tiff are the following, viz. :—

" The Miners' Life Insurance Company *v.* William L. Dewart, No. 167 of November Term 1857.    15th December 1857, judg-ment for $1744.21.

" Dennis Wolverton *v.* Same, No. 12 of January Term 1858. 5th February 1858, judgment for $1680.50.

" Mary Markel *v.* Same, No. 14 of January Term 1858.    5th February 1858, judgment for $1540.50.

" By virtue of executions issued upon each of the three last-mentioned judgments, and upon sundry other judgments of later date, the demised premises were levied upon, condemned, and, upon the 12th day of November 1859, sold by the sheriff of Northumberland county to the defendant, for the sum of $3960, which sum or price was paid by the defendant to the said sheriff, and the said sheriff, by his deed-poll, in due form of law acknow-ledged before the said court, on the 19th day of November 1859, conveyed the said demised premises to the said defendant.    The landlord's share of all the grain raised on the demised premises previously to the year 1858, and of the spring grain raised that year, was, after it was thrashed and divided, delivered at a store-house of the defendant in Georgetown, and, without being re-moved, was each year sold by the plaintiff to the defendant, and the price paid, but the plaintiff has received no part of the fall grain sowed on the demised premises in the fall of 1858, or of the spring grain sowed in the spring of 1859.    The fall grain sowed in the fall of 1858 was harvested and garnered in the same barn, on the premises where the crop for the former years had been stored undivided, before the day of the sale or the acknow-ledgment of the deed of the demised premises, to wit, the 12th of November 1859, to the defendant, and consisted of 279 bushels

[Borrell *v.* Dewart.]

of wheat, of which the landlord's share, if by law he is entitled to any, is 139½ bushels, and was and is of the value of $195.30, and 122 bushels of rye, of which the landlord's share, if by law he is entitled to any, is 61 bushels, and was and is of the value of $50.02. The grain sowed in the spring of 1859, was also harvested and garnered in the same barn on the premises, undivided, before the 12th day of November 1859, and consisted of 160 bushels of oats, of which the landlord's share, if he is by law entitled to any, is 80 bushels, and is of the value of $32, and 39 bushels of corn, of which the landlord's share, if he is by law entitled to any, is 19½ bushels, and is of the value of $13.65.

" If the court be of opinion that the plaintiff is entitled to one-half of all the grain harvested on the demised premises in the year 1859, then judgment is to be entered in favour of the plaintiff for the sum of $290.97, with interest from the day of the entry of this action, and costs of suit; if the court be of opinion that the plaintiff is entitled to one-half of the grain sowed in the fall of 1858 and harvested in 1859, but not to any part of that sowed in 1859, then judgment is to be entered for the plaintiff for the sum of $245.32, with interest from the day of the entry of this action, and costs of suit; but if the court be of opinion that the plaintiff is not entitled to any part of the grain harvested in 1859, and not thrashed and divided till after the acknowledgment of the deed, then judgment is to be entered in favour of the defendant, with costs of suit; either party to have the right to sue out a writ of error."

On hearing the case, the court below (JORDAN, P. J.) gave judgment in favour of the plaintiff for $245.52, with interest from August 8th to August 13th 1860 (being for one-half of the grain sown in the fall of 1858, and harvested in 1859), with costs. The defendant then sued out this writ, and assigned, for error, the giving of said judgment.

*Geo. Hill* and *G. F. Miller*, for plaintiff in error, contended:—
1. That the lien of the judgment against Dewart, on which the land was sold, existed prior to March 1st 1858, and, therefore, before the crop of 1858–9 was sown; and cited sections 119 and 120 of the Act of the 16th June 1836, Brightly's Purd. p. 348, in support of his claim as sheriff's vendee.

2. That previous to the passage of this act, the rent reserved on a lease for years was incident to and accompanied the reversion, unless specially reserved: Johnson *v.* Smith, 3 Penn. Rep. 500; Bank of Pennsylvania *v.* Wise, 3 Watts 394; Braddee *v.* Wiley, 10 Watts 362; Boyd *v.* McCombs, 4 Barr 146; Menough's Appeal, 5 W. & S. 432; Sallade *v.* James, 6 Barr 145; Cobel *v.* Cobel, 8 Barr 342.

3. That rent payable in grain is not due until after it is har-

vested and thrashed: Stewart v. Doughty, 9 Johnson 107; Burns et al. v. Cooper, 7 Casey 426.

W. Comly, for defendant in error, argued: —1. The sheriff's vendee, whose deed was acknowledged in 1859, was not entitled to rent which accrued for the year ending April 1st 1859. The grain was sown in the fall of 1858, and the tenant, even if he had left the premises at the end of the term, had the right to harvest it as the way-going crop, and was bound to deliver the one-half to his landlord as rent for the year ending March 31st 1859.

2. The fact that it was growing when the levy was made is unimportant. It was then the personal property of the tenant: Reinhart v. Olwine, 5 W. & S. 157.

3. No time being fixed in the lease for the payment of rent, it was deliverable at the end of the year: Menough's Appeal, 5 W. & S. 432; Boyd v. McCombs, 4 Barr 146.

4. The full term of the tenant was ended, and the rent due on the 1st of April 1859; and neither the impossibility of delivering grain that was then in the ground, nor the omission or refusal of the tenant to thrash and deliver his landlord's share as soon as it is due, can serve to transfer the title of the landlord to the sheriff's vendee. Boyd v. McComb does not contravene these positions.

The opinion of the court was delivered, October 17th 1860, by

LOWRIE, C. J.—It is an undisputed rule of common law that a buyer of land buys all that is growing upon it or issuing out of it belonging to the seller, unless specially excepted; and this includes all rent in money or in kind which is in the course of accruing by the enjoyment of the land. The Execution Act of the 16th June 1836, § 119, adds nothing to the law when it declares this rule to be applicable to sheriffs' sales. It is because the purchaser buys a portion of a yet uncompleted term along with the reversion, that he takes the yet unpaid and unaccrued rent. A purchase after the term has expired gives him no right to the rent that may be made payable afterwards; for he buys no part of the issues of such a term. If rent is yet becoming due out of a term or portion of a term not yet complete when the purchase is made, it is rent "accruing" thereafter within the meaning of the act and of the common law, and passes by the sale; otherwise it does not.

From this case stated, we must understand that the defendant below was, after the first year, tenant from year to year; and as fall grain is always sown before the time for giving reasonable notice to quit, we must suppose that the fall grain sown in 1858 was the customary fall crop of that year's tenancy. Then, at

the utmost, we cannot suppose the term of 1858 to extend for this crop beyond harvest 1859, and that cannot avail the defendant, for the sale was after that. It was therefore a sale after the expiration of the term out of which the rent accrued, and the purchaser has no right to that rent. Taking this view of the case, the question whether the rent was fully due to the landlord at the time of the sale becomes quite irrelevant. It had fully accrued or grown out of the land before the sale, and did not go with the reversion.

Judgment affirmed and record remitted.