*Court of Common Pleas, Dauphin County, July 20th, 1863.*

### HOLTSMAN ET AL. *v.* LOUDENSLEYER ET AL.

Where property is rented for a portion of the crops payable in kind, and it is
   sold at sheriff's sale before the lessor has received his share, the pur-
   chaser will take all that belonged to the former owner, whether placed in
   the barn or growing in the fields.

BY THE COURT.—On the 26th of August, 1861, a judgment
was recovered against Solomon Loudensleyer, on which his land
was sold by the sheriff of Dauphin county, August 21st, 1862,
and a deed executed therefor to the plaintiff, the purchaser, on
September 3d following.   On February 5th, 1862, said Louden-
sleyer executed a lease of this land to Jonas Loudensleyer, the
defendant, for three years from April 1, 1862, reserving a rent
of a portion of the crops payable in kind; and as no time is
fixed for the payment of the rent it is payable annually.   Solo-
mon Loudensleyer made a general assignment of all his property
to the defendants for the use of his creditors on March 15th, 1862.
In the spring of 1862 Jonas Loudensleyer sowed oats and buck-
wheat and planted corn.   The oats was cut and gathered into
the barn by August 6th, 1862, and so remained until after the
sheriff's sale and acknowledgment of the deed.   The corn and
buckwheat were not then cut or gathered, and the only question
presented by the stated case is, are the purchasers at sheriff's sale
entitled to the share of the landlord by virtue of their purchase?
This question we consider settled by repeated adjudications.   It
is decided that rent reserved, as in the present case, is payable at
the end of the year; and if before that time the land be sold by
the sheriff upon a judgment entered prior to the execution of the
lease, the rent will go to the purchaser, although the landlord
had assigned it prior to the sheriff's sale (Menough's Appeal,
5 W. & S. 432).   That, if sound law, rules the present case in
every point.   It had been previously decided that a purchaser at
sheriff's sale was entitled to all the rent which fell due after the
execution of the deed, although a large portion had been earned
by the premises previously, but was not yet due and payable.
The subject is then carefully investigated by Judge Kennedy,
and all of the ancient and modern cases examined (Bank of
Pennsylvania *v.* Wise, 3 W. 394).   The soundness of the princi-
ples there laid down is recognized in Wilkins *v.* Vashbinder
(7 W. 378); Burns *v.* Cooper (7 C. 426), where the doctrine is
applied to the purchaser at an Orphans' Court sale.   Again, in
Boyd *v.* McCombs (4 Barr, 146), where the rent, as here, was
payable in kind, and assigned by the landlord before it was due
and prior to the sheriff's sale, it was held that the purchaser of
the premises was entitled to the rent, the judgment on which the

[Daniel v. Daniel.]

sale was made being entered previous to the lease. This is founded on the case of Menough's Appeal and Bank of Pennsylvania v. Wise. The principle is reiterated in Cobel v. Cobel (8 Barr, 342), and is by no means contradicted, but rather repeated in Borrell v. Dewart (1 Wr. 134). The case of Miller v. Clement (4 Wr. 484) is not in conflict with these principles, although the court refused to give the purchasers the way-going crop, which it was contracted the tenant should have. And the case of Myers v. White (1 Rawle, 353), being on a mortgage, has but little application. Besides, at that time it was considered that a sale of the land did not pass the growing crops in this State, although it is now settled otherwise. We are of the opinion that the 119th section of the act of 16th June, 1836, relating to executions, and all of the decisions explaining its meaning, also the former statutes in this State on the same subject and the cases expounding them, as also the general principles of the common law, give the whole rent referred to in the case stated, as well the grain cut and in the barn as that still growing, to the purchaser at sheriff's sale. Therefore we render judgment generally on the case stated in favor of the plaintiff.

*Fleming, for plaintiff.*

*Bishop, for defendant.*