## Hayden *versus* Patterson.

1. Where one person came into possession of land under a defendant in an execution, with an understanding that rent was to be paid though no sum was fixed, and another person came into possession under the first, during whose possession the land was sold by the sheriff and deed delivered, *Held*, that the case came within the 119th section of the Act of June 16th 1836, and the rent or sum payable for the occupancy of the land prior to the deed, fell due afterwards, and the last occupier was liable for the rent to the purchaser.

2. The act includes all persons holding under the owner whose title is sold, whether as tenants by express lease for a stipulated sum, or as occupants by possession; and wherever the owner could maintain an action for use and occupation, the purchaser of his title can do the same.

3. A tenant in common in possession may let out his share of the common property and receive the rent for it, and therefore the co-tenant need not be joined in an action to recover the rent from the lessee of his fellow.

ERROR to the Court of Common Pleas of *Fayette county*, in which this was an action of *assumpsit*, Alfred S. Patterson against Jacob S. Hayden, to recover rent for premises purchased by the plaintiff at sheriff's sale.

John Worthington and John Snider were owners as tenants in common of a furnace, with land attached, which they occupied as partners.  On 3d October 1861, Worthington's interest in the partnership property was sold by the sheriff for his individual

[Hayden *v.* Patterson.]

debt to Benjamin Hayden, who went into possession about that time.

J. S. Hayden, the defendant, on the 4th of March 1863 became the owner of Worthington's interest in the personal property which had been bought by B. Hayden; and there was evidence that J. S. Hayden went into possession of the property at that time.

In the same year Worthington's interest in the real estate was sold by the sheriff to Patterson the plaintiff. The deed was made July 15th 1863. Under this sale Patterson claimed to recover rent from J. S. Hayden from March 4th 1863 to April 1st 1864. Hayden offered to pay rent from the date of the sheriff's deed, and before suit tendered to plaintiff $212.50, which was declined, and afterwards paid to the prothonotary.

On the trial, the defendant asked to withdraw the tender and the money and was refused, to which he excepted.

The plaintiff offered to prove by Judge Ewing that in a conversation with Benjamin Hayden, during the time Benjamin Hayden was in possession, he told witness that he held John Worthington's interest in the Redstone Furnace property; that he was willing to pay John Worthington $300 per annum rent for his interest, which was one-half; that at the end of one year Worthington assigned to witness one year's rent of the property, and Benjamin Hayden agreed to pay him; that previous to the time Benjamin Hayden went into possession of the property he proposed to join witness in leasing from Worthington his interest in the property; that Benjamin Hayden and witness had some negotiation with Worthington in relation thereto, and Worthington agreed to lease to them; that Benjamin Hayden afterwards leased himself, and went into possession.

After objection by defendant the evidence was admitted and exception taken. Plaintiff offered sheriff's deed to himself, dated 14th July 1863, acknowledged July 15th 1863, for the interest of John Worthington in Redstone Furnace property. Objected to by defendant, on the ground that the judgment and execution on which the property was sold were not first given in evidence.

The evidence was admitted and exception taken. It did not appear that there was any contract between Worthington and B. Hayden, or J. S. Hayden, for renting his interest in the real estate; but B. Hayden always " agreed to pay whatever the rent was: * * the only difficulty was as to the amount."

1st. That by his purchase of the undivided interest of John Worthington in the Redstone Furnace property the plaintiff became tenant in common with John Snider.

2d. That the possession of one tenant in common is the possession of both, and that therefore the possession of said property by

[Hayden v. Patterson.]

John Snider, during the time for which rent is sought to be recovered, was the possession of the plaintiff.

3d. That if the plaintiff has any claim or right of action, it is against John Snider, his co-tenant.

4th. That in an action for rent of common property, tenants in common must sue jointly.

5th. That the property from which rent is claimed having been owned by Worthington & Snider, as tenants in common, and occupied and used by them as partnership property in carrying on their partnership business, when the partnership was dissolved by the sheriff's sale of John Worthington's interest in the partnership property, John Snider was entitled to the possession of the real estate to settle up the partnership and pay the debts, until Worthington's interest was sold at sheriff's sale.

6th. That to entitle plaintiff to recover in this form of action, he must show privity of contract between himself and defendant.

7th. There is no such holding, occupying or tenancy here, nor any such rent accruing as is contemplated by the Act of Assembly.

The court (Sterrett, P. J.) answered: " We refuse to instruct the jury that the plaintiff cannot recover for the reasons assigned in the foregoing points."

The verdict was for the plaintiff for $330.72.

In this court the defendant assigned for error:—

1. The court erred in refusing to instruct the jury as requested by the defendant.

2. The court erred in admitting the testimony of Hon. John K. Ewing.

3. The court erred in not allowing the defendant to withdraw his tender.

4. The court erred in admitting the sheriff's deed in evidence, without the production of the judgment and execution.

*D. Kaine*, for plaintiff in error.—The claim of plaintiff is under the Act of June 16th 1836, § 119, Purd. 451, pl. 143, allowing a purchaser of land at sheriff's sale to recover rent from " a tenant or lessee, or person holding or claiming to hold the land under the defendant in the execution." Defendant sustained neither of these relations ; he claimed under B. Hayden who had no possession : Snider, the other partner, had the possession.

The plaintiff was tenant in common with Snider, and he must look to Snider. Snider could have rented the entire property to a stranger and received all the rent: Decker *v*. Livingston, 15 Johns. 482 ; Austin *v*. Hall, 13 Id. 286 ; Coke Litt. 216. Plaintiff had no cause of action, because there was no privity of contract between them: Blume *v*. McClurken, 10 Watts 380 ; Grant *v*. Gill, 2 Wh. 42 ; Henwood *v*. Cheesman, 3 S. & R. 500.

B. Hayden was there, if at all, without contract with Worth-

ington, and was therefore a mere trespasser; and J. S. Haywood coming in under him, an action sounding in contract would not lie: Mackey *v.* Robinson, 2 Jones 172; Wharton *v.* Fitzgerald, 3 Dallas 503.

There can be no rent accruing between tenants in common; unless by special contract, for the occupancy of the whole by one, the remedy would be account render. Judge Ewing's testimony related to conversations with B. Hayden, who was himself a competent witness.

*A. Patterson*, for defendant in error.—A tenant in common can sell, and therefore he can lease: if he can lease he can recover the rent. The purchaser at sheriff's sale took the place of Worthington, and had a right to recover rent becoming due after the sheriff's deed. By the tender the defendant recognised the plaintiff as his landlord; and if entitled to any, the plaintiff is entitled to all the rent which fell due: Menough's Appeal, 5 W. & S. 432. Potts *v.* Lesher, 1 Yeates 576, and Henwood *v.* Cheesman, 3 S. & R. 500, show that *assumpsit* is the proper form of action.

The opinion of the court was delivered, January 18th 1866, by

AGNEW, J.—The difficulty in the case of the defendant below, lay not so much in the principles of law as in the conflict of testimony. The testimony of John Snider and Alfred Howell for the plaintiff, as to the possession of the defendant, and of Judge Ewing as to his relation as a tenant and the tender of rent, were sufficient to carry the case to the jury, who found the facts against the defendant. We must therefore assume that Jacob S. Hayden came into possession of the premises described in the declaration under Benjamin Hayden, who, according to Judge Ewing's testimony, was in possession under Worthington with an understanding that he should pay rent, though the sum had not been definitely fixed. Alfred Patterson, Esq., the plaintiff below, purchased Worthington's title and received the sheriff's deed therefor in July 1863, while Hayden, the defendant, according to Snider's testimony, was in possession from the 3d of March 1863 until the 1st of April 1864. The rent or sum payable therefor fell due after Mr. Patterson's· purchase and the delivery of the sheriff's deed.

The case falls within the 119th section of the Act of 16th June 1836, relating to executions, which directs, in cases of sheriff's sales of real estate, that the purchaser upon receiving the deed shall be deemed the landlord of the tenant, lessee or other person holding or claiming to hold the same under the defendant in the execution; and shall have like remedies to recover any rents or sums accruing subsequently to the acknowledgment of the sheriff's

[Hayden v. Patterson.]

deed. The terms of the law are sufficiently broad to include all persons holding under the owner whose title is sold, whether as tenants by express lease for a stipulated sum, or as occupants by possession. Wherever the owner himself could maintain an action for use and occupation, undoubtedly the same remedy lies in favour of the purchaser of his title at sheriff's sale for any sum accruing after he has received his deed. Upon the facts of this case, an action for use and occupation certainly would have lain at the suit of Worthington, for the reasonable sum which fell due on the 1st day of April 1864; Menough's Appeal, 5 W. & S. 432; Potts v. Lesher, 1 Yeates 576; Henwood v. Cheesman, 3 S. & R. 500.

By the terms of the Act of 1836, this remedy is transferred to Patterson, the purchaser of Worthington's estate: Shaw v. Stanley, 2 Rawle 276; Bank of Pennsylvania v. Wise, 3 Watts 394; Britenger v. Barber, 5 Casey 66.

It is argued that Patterson by his purchase became a tenant in common with John Snider the co-tenant of Worthington, and his only remedy is to call Snider to an account for the rents and profits of Worthington's interest in the land; the possession of one tenant in common being that of his co-tenant. But there is nothing to prevent a tenant in common in possession from letting out his share of the common property, and receiving rent for it. It is a postulate of the case as found by the verdict, that Hayden the defendant was in possession of Worthington's interest under him. For the same reason Snider cannot be joined in the action with the plaintiff, for Hayden was not his tenant or holding under him.

This disposes of all the material questions in the cause, and the judgment is therefore affirmed.