## Evans *versus* Hamrick & Cole.

1. E. owned land which was leased, he applied to be discharged as a bankrupt December 7th and was discharged December 12th. A quarter's rent due 15th of the next January passed to the assignee, and no part of it was bound by an attachment-execution served November 21st.

2. In foreign attachment the land itself can be attached and a lien which carries with it the accruing rents, obtained.

3. An attachment-execution cannot be levied of land, but only of debts or choses in action.

4. Rent not due is an incident of the reversion, is a part of it and therefore a part of the realty; and a levy on the reversion which the plaintiff might make on a fi. fa. would have fastened on the rent and carried it over by a sale to the purchaser of the reversion.

January 1869. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 156, to January Term 1869.

This case in the court below was an attachment-execution on a judgment recovered by Edward Evans against Owen Evans. Charles Hamrick and B. W. Cole were garnishees.

On the 13th of April 1868 a case stated embodying the following facts, was filed between the plaintiff in the execution and the garnishees.

John Pollock and Jacob R. Casselberry being owners of real estate in Eighth street, Philadelphia, on the 15th of October 1866 leased it to Read & Cole for five years for the annual rent of $6000 payable quarterly, on the 15th days of the months of January, April, July and October in each year. On the 16th of September 1867 Read & Cole assigned their lease to Hamrick & Cole, the garnishees. On the 20th of November 1867 Pollock and Casselberry conveyed the premises to Owen Evans, the defendant in the execution; the garnishees had paid the rent up to October 15th 1867; the attachment was served on the garnishees, November 21st 1867. On the 7th of December 1867 the defendant in the execution petitioned the United States Dis-

[*Evans v. Hamrick.*]

trict Court to be discharged as a bankrupt; he was adjudged a bankrupt December 12th, and William Yerkes was appointed his assignee January 6th 1868. The rent, $1500, payable on the 15th of January 1868 is still due, the garnishees being ready and willing to pay it to whomsoever it rightfully belongs; it is claimed by the assignee in bankruptcy. The question for the consideration of the court is, whether the plaintiff is entitled to recover all or any of the rent, and if so, how much? If the court should be of opinion with the plaintiff, judgment to be entered in his favor for so much as the court may think due without interest. If the court should be of opinion that the plaintiff is not entitled to any of the rent, judgment to be entered for the garnishees with costs. The District Court entered judgment for the garnishees, which was assigned for error by the plaintiff, who took a writ of error.

*T. R. Elcock*, for plaintiff in error.—The attachment was a lien from the time of the service: Kieffer *v.* Ehler, 6 Harris 388; Sheetz *v.* Hobensack, 8 Id. 412; Silverwood *v.* Bellas, 8 Watts 420. When an attachment is executed on rented land, it has the effect of sequestering the rent then due in the hands of the tenant and what shall thereafter accrue: Sergeant on Attachments 17. Bankrupt proceedings relate only to the filing of the petition.

*J. B. Townsend*, for defendants in error.—Rent is incident to the reversion: Co. Litt. 143; 2 Black. Com. 176; Bank of Pennsylvania *v.* Wise, 3 Watts 394. There was no rent due till the quarter day arrived, and then the land and consequently the rent belonged to another.

The opinion of the court was delivered, February 8th 1869, by
Agnew, J.—At the time of the service of the attachment Hamrick & Cole, the garnishees, were tenants for a term of years under rent reserved, payable quarterly. Owen Evans, the defendant in the judgment, had purchased their landlord's reversion. The rent in question did not fall due until the following January, after service of the attachment. In the meantime Owen Evans was decreed a bankrupt, and his rights of property including the reversion passed to his assignee in bankruptcy. Clearly the rent which had not fallen due followed the reversion and passed with it to the assignee. It is to be noticed in the outset, this is not a foreign attachment, but an execution attachment. In foreign attachment the land itself can be attached, and a lien obtained which carries with it the accruing rents. But an attachment in execution cannot be levied of land—that the fi. fa. must reach—the attachment is levied only of debts or choses in action.

[Evans v. Hamrick.]

In this case there was not even a personal covenant, and the garnishees were liable to Owen Evans only through privity of estate. But this is of no moment, as had he been their landlord by covenant, then the rent not yet due was not a debt. It was an incident of the reversion, a part of it, and was itself therefore a part of the realty; and a levy on the reversion which it was competent for the plaintiff to have made on a fi. fa. would have fastened upon the rent as its incident, and carried it over by a sale to the purchaser of the reversion: Menough's Appeal, 5 W. & S. 432; Boyd v. McCombs, 4 Barr 146; Johnson v. Smith, 3 Penna. R. 500; Bank of Pennsylvania v. Wise, 3 Watts 404. When the attachment was laid in the hands of the garnishees they were not debtors to Owen Evans. Had the rent fallen due afterwards, then on the principle of after-accruing funds coming into their hands, the attachment might have held the rent. But before this event happened, the reversion to which the rent was incident passed out of Evans into his assignee in bankruptcy by operation of law. There was, therefore, no debt for the attachment to operate upon. The land, that is the reversion, in the hands of Owen Evans was not subject to the lien of the plaintiff's judgment. Nor had he even the lien of a fi. fa. on the land. There was nothing therefore to arrest the passing of the title to the reversion and preserve it for the plaintiff. The judgment was right and must be affirmed.

Affirmed.