# King *v.* Bosserman.

*Landlord and tenant—Sheriff's sale—Rents reserved in kinds.*

When a lease does not indicate when rent should be paid, the end of the year is the period which the law assigns. When a lease expired in April and a sheriff's deed of the property had been acknowledged in the previous fall, the rent was payable to the sheriff's vendee, and the fact that it was reserved in grain does not militate against the idea of a lease. The fact that the grain had been severed from the ground prior to the sheriff's sale but not set apart for nor delivered to the landlord, does not vest the title to the grain in him as against the sheriff's vendee.

Argued March 12, 1900. Appeal, No. 5, March T., 1900, by plaintiff in a suit of Hamilton W. King, assignee of A. B. Kauffman, against Lewis Bosserman from judgment of C. P. Adams County, Jan. T., 1899, No. 4, in favor of defendant on case stated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Case stated. Before SWOPE, P. J.

It appears from the case stated that a farm of Aaron B. Kauffman was sold under execution on October 15, 1896 to Lewis Bosserman, the defendant, and a sheriff's deed therefor duly executed and delivered on October 19, 1896. The farm was leased to one Humpert who remained on the farm after the sale until April 1, 1897, under a lease from Kauffman. On September 2, 1896, Kauffman made an assignment for the benefit of creditors to the plaintiff. The rent reserved for the farm was one half of all the crops raised thereon. There was no definite time fixed for the payment of rent. Previous to the sale and delivery of the sheriff's deed, of the crop grown on the farm there were 1,585 bushels of corn on the ear, which had been severed, husked, garnered and set apart, one half of which, 792 bushels being set apart in the landlord's crib and one half or 792 bushels in the tenant's crib, and the balance of 930 bushels, was on the shock in the field, unhusked, not garnered and none of the same set apart as the landlord's share. The value of the corn at the time of the acknowledgment of the sheriff's deed was $87.12. On the day of the sheriff's sale,

there was of the crop grown on the farm 400 bushels of oats in the sheaves in the mow of the barn, unthreshed and not divided or separated. The value of the said oats was eighteen cents a bushel.

If the court were of opinion that plaintiff was entitled to receive one half of all the corn and oats, divided and undivided at the date of the delivery of the deed, then verdict and judgment for plaintiff for $174.27 with interest; or if the court be of opinion that plaintiff was only entitled to the amount of the corn that was harvested and divided at the date of delivery of the deed, then verdict and judgment for plaintiff for $87.12, with interest.

The court entered judgment for plaintiff for $87.12 with costs of the action; costs on the case stated to be paid by plaintiff. Plaintiff appealed.

*Errors assigned* were (1) in not having held that the deed of assignment by Kauffman created a legal severance of the growing crops so as to vest the landlord's title in the same on the leased premises in the assignee of the landlord and that the same could not pass in any event to a sheriff's vendee of the land at a sale subsequent to the assignment—the legal severance. (2) In not having held that the crops having been as a fact severed prior to a sheriff's sale of the land passed to the landlord's assignee and not to the sheriff's vendee under a deed acknowledged after such severance. (3) In ruling that such crops as were severed prior to a sheriff's sale of the land but threshed and divided by the tenant of the landlord after the sale under a lease payable in kind passed the landlord's share of the same to the sheriff's vendee, and that the said crops did not vest in the assignee of the landlord. (4) In entering judgment on case stated for plaintiff for $87.12 and in not having entered judgment on the case stated in favor of the plaintiff for $174.27.

*Wm. McClean* with him *Wm. Arch. McClean*, for appellant.— Where there has been a severance of the landlord's share of the grain before the sheriff's sale of the land, that share does not pass by the sale: Long v. Seavers, 103 Pa. 517; Hershey v. Metzgar, 90 Pa. 218; Loose v. Scharff, 6 Pa. Superior Ct., 155.

*Donald P. McPherson*, with him *John B. McPherson*, for appellee.—By the terms of the lease, no time being fixed for the payment of the rent it therefore did not accrue or become payable until the end of the term, April 1, 1897 : Boyd v. Mc-Combs, 4 Pa. 146.

The facts in Holtsman v. Loudensleyer, 1 Pearson, 241, are identical with this case and the reasoning of the learned judge is so irresistible that we would ask the court to give it due weight.

OPINION BY WILLIAM W. PORTER, J., April 23, 1900 :

The question here is : Did the sheriff's vendee of the real estate take the landlord's share of the crops severed from the land, but not set apart or divided by the tenant, under a lease in which no time was fixed for the payment of the rent and of which the term expired subsequently to the delivery of the sheriff's deed ? The court below answered the question in the affirmative and rightly.

The lease before us does not indicate in terms when the rent should be paid. As there was no covenant to pay at any particular time, the end of the year is the period which the law assigns for the annual reditus to the landlord : Boyd v. Mc-Combs, 4 Pa. 146 ; Menough's Appeal, 5 W. & S. 432. The sheriff's deed was delivered to the appellee on October 19, 1896. The lease of the tenant in possession expired April 1, 1897. The rent, falling due subsequently to the execution of the deed, therefore, became payable to the sheriff's vendee of the realty : Bank v. Wise, 3 Watts 394 ; Collins v. Assurance Co., 165 Pa. 298, 308. Furthermore, under the provisions of " the act of June 16, 1836, the purchaser of the landlord's title to the land under execution against him, is entitled to the rent falling due after the acknowledgment of the sheriff's deed, whether it be payable in money or grain: " Loose v. Scharff, 6 Pa. Superior Ct. 156 ; Borrell v. Dewart, 37 Pa. 134. That the rent was reserved payable in kind by a share of the grain, does not militate against the idea of a lease : Steel v. Frick, 56 Pa. 175 ; Brown v. Jaquette, 94 Pa. 115.

The case stated shows that the corn over which this controversy arises was " on the shock in the field, unhusked, not garnered and none of the same set apart as the landlord's share,

. . . . The said corn was cut prior to the levy by the sheriff on the 22d day of September, 1896." The crop of oats in controversy was " in the sheaves in the mow of the barn, unthreshed and not divided or separated," but was " severed from the ground prior to September 22, 1896, and was threshed November 20, 1896, after the acknowledgment and delivery of the deed by the sheriff."

The appellant contends that as the crops were severed from the ground before the delivery of the deed to the appellee, title to them did not pass. He asserts that the physical severance of the grain from the land vested in the landlord a title to his share of the crops. For this he relies for support upon Long v. Seavers, 103 Pa. 517. There are expressions used in that case which seem to indicate that the mere physical severance of the crop from the ground is a vesting of title in the landlord to his undivided share. It is to be noted, however, that the only point decided is that a sale upon a fi. fa. of the landlord's share of the growing grain before actual severance, does not pass title to the purchaser, as against a subsequent purchaser of the land at sheriff's sale, who obtains a deed before the rent falls due. There was no severance at all in that case. Therefore, the matter of the division of the crop, or a setting apart of the landlord's share, had no place in the discussion. Furthermore, it is to be noted that Mr. Justice GREEN, in the course of his opinion, quotes with approval this language from Rinehart v. Olwine, 5 W. & S. 163 : " The better opinion seems to be that it is property of the tenant, and until the grain is severed and delivered to the landlord, he has no interest in the thing itself." And again he quotes from Ream v. Harnish, 45 Pa. 376, referring to the landlord's share : " Until delivery by the tenants, the landlord had no title to any part of it." See also Burns v. Cooper, 31 Pa. 426. We are of opinion that Long v. Seavers, supra, does not, and was not intended to make the right of the sheriff's vendee of the realty to the crops as rent dependent on the mere physical severance of the crops from the soil, without division or setting apart before the acknowledgment of the deed. The cases of Hershey v. Metzgar, 90 Pa. 218, and Hardenburg v. Beecher, 104 Pa. 20, also relied on by the appellant, were not cases of the occupancy of land by a tenant, but by an owner. The distinction we have noted in

the case of Long v. Seavers, supra, also takes our own case of Loose v. Scharff, supra, out of the discussion. The case before us is ruled by Boyd v. McCombs, supra, where upon facts strikingly similar to those of the present case, it was held that the sheriff's vendee took the rent payable in kind as against an assignee of the rent.

The judgment is affirmed.