## Gilmore v. Dwyer et al.

*John T. Cotsack*, for plaintiff.

*George I. Puhak*, for defendant.

APONICK, J., March 2, 1945.—This is an action in replevin brought to recover possession of certain goods which had been distrained on a landlord's warrant. Defendant admits that the title to the goods is in plaintiff, but sets up a counterclaim alleging a lien on the goods. To this counterclaim plaintiff filed a reply raising questions of law.

Defendant alleges that on June 6, 1944, defendant let to plaintiff certain premises under a lease, the important part of which is as follows:

"I, Alex Dwyer, agree to lease, for a period of three years the property and machinery located at 606-608 Alter Street, Hazleton, Pa., with the exception of the dwelling and store now occupied by myself, to J. R. Gilmore, 4825 Walnut Street, Philadelphia, for a yearly rental of $1,800 to be paid in regular monthly installments of $150 per month."

It is further alleged that rent was paid on or about June 6, 1944, in the amount of $150 and on or about July 6, 1944, in the same amount. No rent was paid on August 6, 1944, and on August 19, 1944, the landlord's warrant was issued. Plaintiff contends that there was no rent due at that time and defendant contends that the rent was payable in advance and that there was the sum of $150 due.

Where no time for the payment is specified in a lease, the rent is payable at the end of the term: Marys v. Anderson, 24 Pa. 272; King v. Bosserman, 13 Pa. Superior Ct. 480; Vasilko v. Bongiomo et al., 1 D. & C. 592. In this case, the lease specified that the rent was to be paid monthly but failed to state that it was in advance. Therefore, it was not due until the end of the month and there was no rent due when the landlord's

warrant was issued. It necessarily follows that the warrant was invalid and did not create any lien on the goods which were distrained and the questions of law must be decided in favor of plaintiff.

As this disposes of the counterclaim and the title to the goods is admitted to be in plaintiff, the latter should be entitled to judgment for the goods and for the discharge of the bond. However, the record is not in shape to grant such relief to plaintiff. A reply raising questions of law only relates to the counterclaim. If plaintiff desires judgment to be entered in his favor he should move for that relief, which motion may accompany the reply: National Cash Register Co. v. Ansell et al., 125 Pa. Superior Ct. 309; United States Rubber Products, Inc., v. Roth, 34 Luzerne 340. In the absence of such a motion, judgment cannot be entered for plaintiff. Accordingly:

Questions of law raised by the reply are decided in favor of plaintiff and the counterclaim is dismissed.