## Rineer v. Kline

*Daniel H. Shertzer*, for plaintiff.
*Henry M. Bruner*, for defendant.

WISSLER, P. J., July 20, 1956.—Plaintiffs filed a complaint in assumpsit to recover the installments paid by plaintiffs under a written agreement of purchase of real estate from defendant, to which defendant filed an answer and counterclaim. The matter is now before the court on motion of plaintiffs for judgment on the pleadings, consisting of the complaint, answer, counterclaim and reply thereto.

The pleadings disclose that on September 15, 1953, defendant, William T. Kline, as agent for William T. Kline and John H. Kline, entered into a contract with plaintiff, David Rineer, referred to in the pleadings as David P. Rineer, for the purchase of a lot of ground and brick dwelling erected thereon known as no. 277 South Fifth Street, Columbia, that the contract provided for the conveyance to plaintiff, David P. Rineer, of said premises at and for the sum of $3,000 to be paid in regular monthly installments of $55 per month, that plaintiff, David P. Rineer, paid on account of said contract the sum of $960, and that he, together with his wife, Betty L. Rineer, on April 11, 1955,

disaffirmed the said contract and demanded the return of the consideration paid.

Defendant in his counterclaim alleges: "(1) The Plaintiff David P. Rineer with his wife, Betty L. Rineer, at and upon the execution of the contract on September 15, 1953, took possession of the said real estate being a lot and brick dwelling No. 277 S. Fifth Street, Columbia, Penna., and continued to occupy the same as their home and domicile from said date to on or about January 1, 1955; (2) The Plaintiff David P. Rineer and his wife Betty L. Rineer having elected to disaffirm the said contract, the Defendant William T. Kline now makes claim and demand upon the said Plaintiffs for the payment to the said William T. Kline of a reasonable rental value for the period the said Plaintiffs occupied the said lot and dwelling; (3) The Defendant William T. Kline avers that a reasonable rental value of the said property is the sum of Twenty Dollars ($20.00) a month; (4) The said Plaintiff's occupied the said lot and dwelling from September 15, 1953, to on or about January 1, 1955, or for a period of fifteen and one-half months; (5) The Defendant therefore claims and demands of the Plaintiff the sum of Twenty Dollars ($20.00) a month as a reasonable rental value of the said property or total rental value for the period said property was occupied by the Plaintiffs of Three Hundred and Ten Dollars ($310.00); and (6) The Defendant further avers that even though the said Plaintiffs were minors at the execution of the said contract, they are liable for the necessaries and are liable for a reasonable rent during the time they retained possession of the said real estate."

Plaintiffs in their reply admit the allegations of paragraphs 1, 2, 3, 4, 5 and 6 of the counterclaim, but deny that they are liable for any rent during the time they retained possession of said real estate.

Defendant in a supplemental answer filed admits that on September 15, 1953, David P. Rineer was a minor.

We have then an admission by the pleadings that at the time of entering into the agreement of sale, namely, September 15, 1953, plaintiffs, David P. Rineer and his wife, Betty L. Rineer, were minors, that $960 was paid on account of the contract and that on or before April 11, 1955, plaintiffs, David P. Rineer and Betty L. Rineer, his wife, disaffirmed the contract with defendant and demanded the return of the consideration paid in the amount of $960. We have the further admission that plaintiffs occupied the said dwelling contracted to be purchased from September 15, 1953, to on or about January 1, 1955, a period of 15½ months, and that a reasonable rental value of said property is the sum of $20 per month or a total rental value for the period occupied by plaintiffs of $310.

The pleadings thus present an admission of all the facts necessary to determine the issue and raise two legal questions: First, is plaintiff, David P. Rineer, liable as a minor under the agreement of September 15, 1953, and, if not, could he disaffirm it upon reaching his majority and demand the return of the said $960; and second, can defendant sustain his counterclaim in the amount of $310 as rental value for use and occupancy?

The first legal question is answered by the general rule in Pennsylvania, which is, that contracts entered into by one under age are voidable, if the infant so elects: The Frank Spangler Company v. Haupt, 53 Pa. Superior Ct. 545; O'Leary Estate, 352 Pa. 254. The policy of the law is to protect infants against their own mistakes even though letting them out of their agreements or obligations may result in hard-

ship to others. You deal with minors, except for necessaries, at your own risk.

Defendant concedes that plaintiffs had a right to disaffirm said contract and recover the down-payments, but raises the second legal question by contending that against the down-payments he can counterclaim $310 by way of rental as necessaries. It is true that a minor may enter into valid contracts for necessities. What the term "necessities" includes may not always be too clear. The term is a relative one. In Mohney v. Evans, 51 Pa. 80, it was held that what are necessaries is a question that is susceptible of no sharp definition and is generally a question for the jury under all the circumstances of the case, but the court may in many cases pronounce authoritatively on the question and withhold it from the jury.

The difficulty with defendant's contention whether his counterclaim of $310 is considered as rental or as a claim for use and occupancy is that no relation of landlord and tenant existed between the parties. An action for use and occupancy is founded on contract, express or implied, and lies only where the relation of landlord and tenant exists: Pott v. Lesher, 1 Yeates 576; 39 Vale's Use and Occupation, section 1. Where the claim for use and occupancy as in the case at bar arose between defendant as vendor and plaintiff as vendee, the relationship of landlord and tenant could not exist, and defendant's counterclaim is barred by the decisions in Helser & McGrath v. Pott & Shreiner, 3 Pa. 179, and Bardsley's Appeal, 4 Sadler 584, 10 Atl. 39. In the latter case it was expressly held that where one enters on land under an agreement to convey to him a perfect title, pays part of the purchase price, but the agreement is not consummated because of the inability of the vendor to convey a perfect title, the relation of landlord and tenant does not arise between the parties and the

vendor was not entitled to compensation for use and occupancy.

In the instant case the parties to the agreement were vendor and vendee. No relation of landlord and tenant was created and the case at bar is therefore controlled by the decision in Bardsley's Appeal, supra.

And now, July 20, 1956, for the foregoing reasons plaintiffs' motion for judgment on the pleadings is sustained and judgment is hereby entered in favor of plaintiffs and against defendant in the amount of $960.