RIDGLEY, Respondent, v. STILLWELL, Appellant.

1. A judgment recovered is conclusive as between the parties thereto as to all matters directly in issue.
2. This rule does not extend to matters collaterally or incidentally considered.
3. In the absence of any agreement or understanding between a landlord and his tenant the rent will be payable yearly and at the end of the year.

*Appeal from St. Louis Land Court.*

The amended petition in this case states that the defendant, Stillwell, entered on certain premises in St. Louis as the tenant of the plaintiff Ridgley; that he continued to occupy the same during the year ending February 15, 1857, and was indebted to the plaintiff for the use and occupation thereof for the year aforesaid; that when the defendant took possession he agreed to pay the plaintiff rent therefor, and by virtue of said tenancy and agreement became liable to pay the plaintiff $700 for the use and occupation of the premises for the said year; that the defendant agreed to pay the rent in monthly instalments and the taxes that might be assessed thereon.

The defendant in his answer admitted the occupation of the premises, but denied that he became liable to pay $700 therefor, or that he agreed to pay the rent monthly or the

taxes, or that the year of his tenancy ended February 15, 1857. The answer further set forth a special agreement to the effect that on the 15th of March, 1851, the plaintiff agreed to let the premises to defendant for the term of ten years, to commence at that time, and to execute a written lease, in consideration of which the defendant agreed to pay annually an amount as rent equal to ten per cent. on the cost of the ground and fifteen per cent. on the cost of the building, and that pursuant to said agreement he went into possession on the 15th of March, 1851, and has remained in possession ever since ; that the plaintiff has refused, though often requested, to exhibit the cost of the land and house, so that the amount of the rent could not be ascertained; that plaintiff had also refused to execute a written lease; that the rent estimated in the basis of the agreement would not exexceed $600 per annum; that the rent was to be paid annually on the 15th of March of each year during the term; that the year of defendant's tenancy had not ended when this suit was commenced—February 20, 1857.

On the trial the plaintiff introduced in evidence the record of another suit between the same parties, which was commenced 18th Februaary, 1856, and on which a final judgment had been rendered. The petition in this suit contained three counts. The first was in ejectment for the possession of the premises on which a recovery was cut off by an instruction. In the second count it was averred that on the 15th of March, 1851, the defendant, by a verbal agreement, rented the premises of the plaintiff for $700 per annum, payable monthly, and the taxes; that he occupied the premises under the agreement for three years ending March 15, 1854; that about 14th February, 1854, the defendant was notified that if he occupied the premises after the 15th March following he would be required to pay at the rate of $800, monthly, and that the defendant continued in possession after the 15th of March to the time the suit was instituted. The third count was for use and occupation on a *quantum meruit*. It stated that the defendant became the tenant of the plaintiff on the

15th of March, 1851, and had remained in possession; that the rent for three years ending March 15th, 1854, was of the yearly value of $800, and that since then the rent has been of the yearly value of $1,000. The defendant in his answer admitted that he was notified as is stated in the second count, but denied all the other material allegations in the petition and set up special matter substantially as is done in the answer to this action. The verdict of the jury in this case was as follows: " We, the jury, find for the plaintiff the amount of $991.63, being the balance which we find due to said plaintiff for rent at the rate of $700 per year."

Defendant objected to the introduction of this record. The defendant offered to prove that the letting of the premises described in plaintiff's petition was under a verbal agreement between the parties; that the tenancy under said agreement began on the 15th day of March, 1851, and was for a period of ten years at an annual rent to be ascertained by computing ten per cent. on the cost of the building, and that the annual rent computed on these terms would not exceed $600 per annum. The court rejected this testimony.

The plaintiff asked and the court gave the following instruction: " 1. If the jury find from the evidence that the defendant Stillwell, in a previous suit in this court between the plaintiff Ridgley and the defendant Stillwell for rent of the same premises under the same letting for the rent of which premises subsequently accruing this suit is instituted, interposed as a defence the same alleged agreement as that set up in his answer in this case (an agreement to lease said premises at a percentage on the cost of the ground and the cost of the buildings and improvements thereon); that the jury, on the issue made on said cause found that the defendant was a tenant of the plaintiff at the rent of $700 per annum, and that there has been no change of the terms on which said premises were rented since the original leasing in the year 1851, then the defendant can not, in this suit, deny that such renting was at the rate of $700 per annum."

The defendant asked the court to give the following in-

structions : " 2. Unless there was an express agreement or understanding between the parties that the rent in question was to be paid monthly, it was payable annually—that is to say, at the end of each and every year, and the burden of proving that the rent was to be paid monthly rests on the plaintiff. 3. If the plaintiff let the premises described in his petition to the defendant under a verbal or unwritten agreement; if the tenancy of the defendant under said agreement commenced on the 15th of March, A. D. 1851; if the defendant continued to occupy said premises under said agreement to the time of bringing this suit, then the plaintiff can only recover in this action for so much of the rent sued for as accrued prior to the 15th day of March, A. D. 1856, unless the plaintiff has shown in evidence that the defendant agreed to pay the rent for said premises monthly. 4. If the letting of the premises in question was under a verbal or unwritten agreement and if there was no agreement between the parties that the rent was to be paid monthly, then the plaintiff can not recover in this action for any rent that has accrued since the 15th day of March, A. D. 1856." These instructions the court refused to give.

The court found for the plaintiff and assessed his damage at $714.

*Krum & Harding*, for appellant.

I. The court erred in admitting in evidence the bill for $583.36 for ten months' rent, as well as the verdict of the jury, which appear in the record of the former suit.

I. The evidence offered by the defendant should have been admitted.

III. The court erred in giving the instruction asked by plaintiff, also in refusing those asked by defendant. (5 Cush. 99.)

*Knox & Kellogg*, for respondent.

I. The appellant is estopped by the former judgment from setting up the agreement set up in his answer to this suit. The verdict in the former suit shows conclusively that the rent was $700 per annum.

II. A renting of a house by the year, with nothing further said as to when or how the rent is payable, does not make the rent payable annually. There is evidence that the rent was payable monthly.

RICHARDSON, Judge, delivered the opinion of the court.

The law forbids the litigation of any matter which has once been determined by a court of competent authority between the same parties; and a judgment therefore directly on a particular point is conclusive between the same parties in relation to the same matter involved in another suit. (Edgell v. Sigerson, 26 Mo. 583; Gardner v. Buckler, 3 Cow. 120; 2 Cow. & Hill's notes, 587, *et seq.*) But the rule only applies to that which was directly in issue. (1 Greenl. Ev. § 528,) and does not extend to points which were collaterally or incidentally considered, or that could only be argumentatively inferred from the judgment. (Hopkins v. Lee, 6 Wheat. 109.)

The application of these rules will show, we think, that the record of the former suit was improperly received in evidence. The main question in this case was whether the defendant had agreed to pay in monthly instalments $700 per annum besides the taxes; and, if this point was directly in issue and decided in the first suit, the controversy ought to cease. But it will be observed that the third count in the record offered in evidence proceeded entirely upon a *quantum meruit* for rent at the rate of $800 per year for the first three years ending the 15th of March, 1854, and at the rate of $1,000 a year after that time; and the second count was upon a liability for $700 a year, payable monthly, besides the taxes, for three years ending March 15, 1854, and $800 per annum in monthly instalments, besides the taxes, after that time. To which count was the verdict responsive? It found that the plaintiff was entitled to receive $991.63, being the balance " for rent at the rate of $700 per year ;" but neither count in the petition claimed only $700 a year, for the second count claimed for the last two years $800, and

the third count claimed $800 for the first three years and $1,000 for the last two. Then, again, the defendant insisted that he agreed to pay annually as rent a sum to be ascertained by calculating a given per centum on the cost of the lot and building; and, looking only at the pleadings, the verdict is not inconsistent with the defendant's theory except in the amount produced; for, though the defendant averred that the amount would not exceed $600 per annum, it would of course be increased by a higher valuation of the cost of the lot and improvements.

Furthermore, the contract was an entirety, to-wit, the taxes and seven hundred dollars to be paid monthly. Now the jury did not find that the rent was payable monthly or that the defendant was to pay the taxes; and, conceding that the judgment in the first suit ascertained the yearly rent to be paid, it left open every other question, and was not competent to establish a fragment of the contract declared on in this case.

The plaintiff gave in evidence a receipt and an account rendered, which the defendant had used in a former suit, no doubt for the purpose of preventing the plaintiff from recovering more than seven hundred dollars per annum. These papers were not only relevant, but, having been recognized by the defendant as genuine and truthful, proved, not only that the rent was $700 per year, but that it was payable at other periods than at the end of the year. The receipt was dated in January, 1852, and was at the foot of an account stating an indebtedness of the defendant to the plaintiff, which contained among other items this one: "To ten months' rent, ending 15th inst., $583.33." The tenth part of this sum (one month's rent) multiplied by twelve produces seven hundred; and, as the year did not end until the middle of March following, the payment in January tends to show that the rent was not payable only at the expiration of the year. The bill rendered contains an item of $1,283.35 for twenty-two months' rent, which goes to prove the same fact.

The instruction asked by defendant ought to have been given. Rent is in its nature a return issuing yearly for the use of another's land, and, in the absence of any agreement or understanding between the parties to the contrary, is by law payable at the end of the year. (Menaugh's Appeal, 5 Watts & Serg. 432; Boyd v. McComb, 4 Penn. 146; Bordman v. Osborn, 23 Pick. 299.)

The other judges concurring, the judgment will be reversed and the cause remanded.