Tignor vs. Bradley.

## Tignor vs. Bradley.

1. *Pleading before J. P. in attachment.*
   An affidavit for attachment, filed before a justice of the peace, answers the purpose of a complaint, or statement of the cause of action, and is a substantial compliance with the requirement of the statute.
2. LANDLORD AND TENANT: *When rent accrues.*
   When land is leased for a year or shorter term, and there is no stipulation or special custom shewn as to the time the rent becomes due, it will not be due until the expiration of the year.
3. ATTACHMENT SPECIFIC.
   Under the provisions of secs. 4101-2, of Gantt's Dig., a landlord may have a specific attachment against the crop before his rent is due, but if he proceed by general attachment before the rent is due, he cannot recover in the action.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*N. T. White,* for appellant.

*Martin, contra.*

HARRISON, J.:

This was a suit, brought by the appellee against the appellant before a justice of the peace.

The plaintiff filed the following affidavit, which was the only statement of the cause of action:

" Jack Bradley, }
     v.
Oliver Tignor. }

The plaintiff, Jack Bradley, states that the claim in this action against the defendant, Oliver Tignor, is for money due for rent of land, about the 1st day of November, 1876 ; and that it is a just claim; that he ought as he believes to recover thereon one hundred and seventy dollars; and that the said defendant has removed five bales of cotton from the premises without the consent of the landlord Jack Bradley.

his
JACK X BRADLEY.
mark

"Sworn to and subscribed before me this 28th day of November, 1876.                    A. JACKSON, J. P."

He likewise filed a bond, as in case of an ordinary attachment, and an order of attachment against the defendant's property, generally, was issued, which was levied on certain cotton and corn of the defendant.     There was no service of process upon the defendant, nor notice given of the pendency of the suit ; but on the 9th day of December, 1876, the return day of the attachment, judgment was rendered against him, as upon default, for $170, the sum claimed in the affidavit.    On the 14th day of December, 1876, the defendant appeared before the justice, and moved to set aside the judgment, and for leave to defend the suit, but his motion was overruled and he took an appeal to the Circuit Court.

In the Circuit Court the attachment was upon the defendant's motion quashed ; and he then moved to dismiss the action upon

the ground, that no account or written statement of the cause of action was filed with the justice.

The court overruled the motion to dismiss, and the cause was tried by a jury which returned a verdict for the plaintiff for $170.

The defendant moved for a new trial; his motion was overruled, and he appealed to this court.

The appellant insists that the court erred in refusing to dismiss the action.

The affidavit answered the purpose of a complaint or statement of the cause of action, and was a substantial compliance with the requirement of the statute. *Hanner et al.* v. *Bailey*, 30 Ark., 681.

The plaintiff read to the jury a contract between himself and the defendant and his wife, by which he rented to them, from the 6th day of March, 1876, the date of said contract, until the 31st day of December following, eighteen acres of land, for which they agreed to pay him $170 rent; and he testified that the defendant occupied and cultivated the land under the contract, but had not paid the rent; that ten acres of the eighteen were part of thirty acres he had leased from Mrs. Mary A. Harding for a term of four years from the 1st day of January, 1873, the lease for which he read to the jury.

The evidence for the defendant conduced to show, that the lease from Mrs. Harding, though made to the plaintiff, solely, was in fact taken for the joint use and benefit of himself and his mother, the wife of the defendant, who, previous to her marriage with the defendant, assisted by the labor of her minor children in clearing the land, and preparing it for cultivation, and paid the expenses attending the execution of the lease, but that after the marriage of his mother with the defendant, the plaintiff pretended and falsely represented to them that the lease had expired, and by such misrepresentation induced them to rent the eighteen acres from him.

A landlord to enforce his lien on the crop, may have a specific attachment against the crop, before his rent is due, under the circumstances mentioned in sec. 4101, Gantt's Digest, and as provided in sec. 4102.

In this case the attachment, which was quashed, whatever was the design or intention of plaintiff, was not specific or against the crop, but general and against all his property, and whether quashed or not, the plaintiff could not recover, if the rent was not due, when the suit was commenced.

When land is leased for a year or shorter term, and there is no stipulation, nor special custom shown as to the time the rent becomes due, it will not be due until the expiration of the term. *Dixon* v. *Nicholls,* 39 Ill., 372; Menough's Appeal, 5 Watts & Serg., 432; *Bordman* v. *Sylvester,* 23 Pick., 295; *Ridgeley* v. *Stillwell,* 27 Mo., 128.

There was no evidence before the jury that the rent was due when the suit was brought; but on the contrary it clearly appears that it had not then become due.

There was not therefore sufficient evidence to justify a verdict for the plaintiff, and the court erred in refusing defendant a new trial, for which error the judgment is reversed, and the cause remanded with instructions to grant the defendant a new trial.