Ostner v. Lynn.

FERDINAND OSTNER, Respondent, v. WILLIAM P. LYNN, Appellant.

St. Louis Court of Appeals, March 20, 1894.

1. **Instructions**: OMISSION IN ONE CURED BY ANOTHER. The omission of an element of plaintiff's right of recovery in one of the instructions in this cause is *held* to have been cured by another instruction upon the same subject.

2. **Landlord and Tenant**: DATE OF ACCRUAL OF RENT. The annual rent for a farm is payable at the end of the year in the absence of any agreement between the landlord and tenant in relation to the time of its payment.

*Appeal from the Scott Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED.

*Albert De Reign* and *J. J. Russell* for appellants.

(1) Instruction number 1 authorized a verdict regardless of the question of endangering, hindering or delaying the collection of the rent, and for that reason is clearly erroneous. *Hazeltine v. Ausherman,* 29 Mo. App. 451. (2) The other instruction, number 2, was erroneous, in declaring that "in the absence of any contract the rent is due when the crop is matured," etc. Whether the rent was due or not was an issue to be determined, that being one of the grounds of the attachment. Under the law of this state, it was due at the end of the year. *Duryee v. Turner,* 20 Mo. App. 34; *Ridgley v. Stillwell,* 27 Mo. 128.

*Jas. A. Boone* and *Wm. Hunter* for respondent.

(1) Even if the rent on the twenty-six acres of corn land was not due, it is not denied that the rent of the melons, oats and potato land was due before the attachment, and for that the attachment might be levied on all the crop grown on the premises. *Hubbard v. Moss,* 65 Mo. 647; *Chamberlain v. Heard,* 22 Mo. App. 420. If the court found that the rent was due and unpaid, and had been demanded, it was immaterial whether plaintiff was in danger of losing his rent. *Hubbard v. Moss, supra;* R. S. 1889, sec. 6384, subdivision 6. (2) It is true that instruction 1, given for the plaintiff, might, when taken alone, be defective; but in this case it could not operate to the prejudice of appellant, because instruction 3 for the defendant supplies the deficiency and properly declares the law.

BOND, J.—Plaintiff sues by attachment for $164 for rent of land for the year 1892. The affidavit for attachment was on the following grounds: *First.*

That the rent is past due, and demand has been made upon the defendant, and payment refused. *Second.* That defendant has disposed of a part of the crop grown on the premises, so as to endanger, hinder and delay, plaintiff in the collection of his rent. *Third.* That defendant is attempting to dispose of the crop raised on the premises, so as to endanger, hinder and delay, the collection of the rent, and that plaintiff believes that unless an attachment issue, he will lose his rent.

The defendant put all these allegations in issue by his plea in abatement. The attachment was sustained by the justice and judgment rendered, from which appellant appealed in due time to the circuit court, where the said cause was tried anew upon the plea in abatement. A jury was first impaneled, but they having failed to agree, it was agreed by counsel that the court might decide the case as submitted to the jury; and it was thus tried by the court, sitting as a jury, which gave judgment for plaintiff, from which defendant has appealed to this court.

The evidence tended to show that the defendant in the spring of 1892 rented from plaintiff about sixty acres of land at $3 per acre, and cultivated twenty six acres in corn, eighteen acres in melons and the remainder in oats and potatoes; that he harvested and sold the melons, and gathered and used the potatoes and oats, and paid no rent, although payment was demanded, that most of the corn was gathered and put in two pens about the first of November; that these two pens containing about six hundred bushels were attached; that there was some corn in the shock and some oats, which were not attached; that at the time of the bringing of this suit, November 30, 1892, the defendant was, and had been for some time, feeding this corn to a number of cattle, horses and hogs, and had permitted it

to be wasted before gathering, and said stock were wasting it at the time of the attachment.

According to defendant's testimony corn rent was due about New Year, and according to plaintiff's testimony it was due when ripe, or when gathered or ready for market.

There was also evidence that the melon rent was due when the melons were harvested, and that defendant harvested or sold the melons in August and kept or spent the money.

The contract of letting was silent upon the question as to when the rent was due.

At the conclusion of the evidence the court gave for plaintiff the following instructions:

"1.    You are instucted that all of the crop stands good for the rent, and if you believe from the evidence that the defendant gathered and disposed of any part of the crop raised on the premises, and failed or refused to then pay the rent on said land, you should find the issues for the plaintiff.

"2.    The jury are instructed that, in the absence of any contract, the rent is due when the crop is matured, and plaintiff is not required to wait until defendant sells or disposes of the crop; but if you believe from the evidence that defendant has sold any part of said crop, or wasted or was wasting said crop, so as to endanger the collection of the rent by plaintiff, then you will find the issues for the plaintiff."

And for the defendant the court gave the following instructions:

"3.    The court instructs that you can not find for plaintiff, unless you believe from the evidence that the rent, when this suit was filed, was past due and had been demanded, or that the defendant was, when the suit was filed, attempting to dispose of the crop raised on the premises, so as to endanger, hinder or delay,

the collection of the rent, or that he had disposed of a part of the crop, so as to endanger, hinder or delay, the collection of the rent, and that, unless the attachment had issued, the plaintiff would have lost his rent.

"4. The court instructs you that the burden is upon the plaintiff to make out his case, and unless he has done so by the most proof, you will find for the defendant.

"5. The court instructs you that you now have nothing to do with the amount of rent due, but are only to determine whether the attachment should be sustained."

The errors assigned on this appeal are the action of the court in giving instructions 1 and 2 *supra* for the plaintiff.

Instruction number 1 is defective in omitting a portion, to wit: *"So as to endanger, hinder or delay the collection of the rent,"* of the clause of the statute on which it is based. R. S. 1889, sec. 6384, clause 4. This omission, however, was completely cured by the language of instruction number 3 given by the court at the instance of appellant.

All the statutory conditions, which should have been in plaintiff's instructions, are explicitly set forth in this instruction, which covered the entire case and correctly stated the only conditions upon which respondent was entitled to recover.

The second instruction given by the court for respondent contains the following clause: "In the absence of any contracts, the rent is due when the crop is matured." This was clearly erroneous.

The law of this state is that, in the absence of any agreement between the landlord and tenant as to when the rent is to be paid, it is payable at the end of the year. *Duryee v. Turner,* 20 Mo. App. 34; *Ridgley v.*

*Stillwell*, 27 Mo. 128.

In the case at bar it is expressly set forth in the agreed facts that the contract of letting was silent upon the question as to when the rent for the land became due. The clause *supra* shows that the court misapplied the law to the facts of this case.

Its judgment is, therefore, reversed and the cause remanded. All concur.