[No. 5565.]
[No. 3243 C. A.]

## CURTIS v. HAMMOND, ETC.

**Landlord and Tenant—Action for Rent—Justices of the Peace—
"Demand Existing at Commencement of Suit"—Res Judicata.**

Rent is not due until it is earned, in the absence of a contract to the contrary; and hence, where a lease for one year provided that the rent should be payable monthly, and suit was brought in a justice court before the end of the term for one month's rent then due under the lease, the remaining installments are not a demand existing at the time of commencing that suit, within Mills' Ann. Stats., § 2644, providing that in suits commenced in justice court each party shall bring forward all his demands existing at the time of commencing the suit which are of such a nature as to be consolidated into one action or defense, and on failing to do so he shall be barred from suing for the demand not so consolidated.—P. 280.

*Error to the County Court of Delta County.*
*Hon. Milton R. Welch, Judge.*

Action by Weldon Hammond, individually and as executor of C. M. Hammond, against Fred D. Curtis. From a judgment of the county court for plaintiff on appeal from a judgment for the same party in the justice of the peace court, defendant brings error.          *Affirmed.*

Messrs. STEPHAN & VINCENT, for plaintiff in error.

Mr. PORTER PLUMB, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This is an action originally brought before a justice of the peace to recover certain installments of rent under and in pursuance of the terms of a certain lease. From a judgment rendered in favor of the defendant in error for the sum of $13.86, an appeal was taken to the county court of Delta county.

Upon a trial to the court a judgment was rendered in favor of defendant in error for the sum of $179.83 and costs.

To this judgment plaintiff in error, defendant below, prosecutes this writ of error.

The facts as found by the trial court are, in brief, as follows:

On October 10, 1903, the defendant in error executed a lease to Fred Hammond, Charles Scales and James Thomason for a certain building in Paonia for a term of one year at a rental of $32 per month, payable in advance on or before the tenth day of each month. In the fore part of November, 1903, the plaintiff in error purchase the business and fixtures then in the building from the lessees and took posses-

sion and continued to carry on the same business in the leased premises. Some time afterwards he agreed with the lessees to take the lease off their hands, which fact was communicated to the defendant in error and concurred in by him. Plaintiff in error paid the rent in accordance with the terms of the lease until the tenth day of February, 1904, at which time he vacated the building and refused to pay further rent. Defendant in error refused to accept the surrender of the lease.

The defendant in error brought suit before a justice of the peace to recover the month's rent due February 10, 1904, and ending March 10, 1904, and recovered judgment for the sum of $32. This judgment has been duly paid and satisfied.

On the third day of September, 1904, he commenced this present action to recover rent for the months of April, May, June, July and August.

Plaintiff in error moved, before the justice of the peace, to dismiss the cause upon the ground that this action was barred under section 2644, 2 Mills' Ann. Stats., which enacts:

"In all suits which shall be commenced before a justice of the peace, each party shall bring forward all his or her demands against the other, existing at the time of commencing the suit, which are of such a nature as to be consolidated into one action or defense, and on refusing or neglecting to do the same, shall forever be debarred from the privilege of suing for any debt or demand."

This motion was renewed in the county court and overruled, to which plaintiff in error excepted.

The only question presented by the record, therefore, is, whether by the provisions of this statute the defendant in error was barred from prosecuting this present action for subsequently accruing rent, having brought his action only for the installment of rent

then due; in other words, whether the present action is for demands existing at the time of the commencement of the former suit.

The case of *Carson v. Arvantes,* 10 Colo. App. 382-387, is relied on by counsel for plaintiff in error in support of their contention that at the time the defendant in error brought the former action he could have recovered for the rent for the entire term. In that case it is said:

"The landlord, of course, has his election between one of two remedies. He may leave the premises vacant, sue for the rent for the balance of the term   *   *   *   If he chooses he may likewise terminate the contract and enter a claim for rent up to the date of the abandonment and the acceptance of possession."

We do not think this language justifies the claim of plaintiff in error that an action for nonaccrued rent can be maintained, but that it was intended to express the well-settled rule that the rent for the balance of the term may be sued for and recovered when, and only when, it becomes due under the terms of the lease.

It is too well settled to admit of controversy that rent is not due until it is earned, and that an action cannot be maintained to recover rent before it is due by the terms of the lease.

"This rule that rent is not due and payable until the end of the term, in the absence of agreement to the contrary, is well established, resting on the principle that rent is not due till it is earned."—Jones on Landlord and Tenant, § 661; *Stanley v. Turner,* 68 Vt. 315; *Ordway v. Remington,* 12 R. I. 319; *Indianapolis, Decatur, etc., Ry. Co. v. First Nat. Bank,* 134 Ind. 127; *Tignor v. Bradley,* 32 Ark. 781; *Castleman v. Du Val,* 89 Md. 657.

So it is apparent that the rent sued for in the

present action was not a demand existing at the time of the commencement of the prior suit, and could not, under the conditions of this lease, have been recovered at that time.

The liability of the plaintiff in error to pay rent as provided in the lease, notwithstanding his abdication of the premises, was adjudicated in the prior action and is not open for consideration in this case. The rent sought to be recovered in the present action, not being due at the time of the commencement of the prior suit, did not constitute an existing demand, and the defendant in error is not debarred from the privilege of suing therefor by the provisions of the foregoing statute.

The court below did not err in overruling the motion to dismiss or in rendering the judgment complained of.

The judgment is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.