**Danny D. HAYES, Plaintiff-Appellant,**

v.

**REORGANIZED SCHOOL DISTRICT NO. 4 of Ozark County, Missouri, and Jerry Bean, Joe Arnold, Jim Shaufler, Ed. V. Bridges, Etsel Johnson and Guy Johnson, Directors of the Board of Education of the R–4 School District of Ozark County, Missouri, Defendants-Respondents.**

No. 11208.

Missouri Court of Appeals,
Southern District,
En Banc.

Nov. 9, 1979.

Harold L. Henry and Don M. Henry, Henry, Henry & Henry, West Plains, for plaintiff-appellant.

Richard T. Martin, Gainesville and Kenneth A. Wagoner, Moore & Brill, West Plains, for defendants-respondents.

PREWITT, Judge.

Plaintiff appeals after a jury verdict and subsequent judgment against him in this replevin action for possession of a 60 foot × 40 foot trailer. He claims error in the introduction of evidence and in an instruction tendered by defendants.

Plaintiff was the titled owner of the trailer. In September of 1972, he entered into an oral arrangement with defendants for the lease and purchase of the trailer. The only dispute in the evidence regarding this agreement was the total price to be paid. Annual payments were made by the school district to plaintiff in 1972, 1973, and

1974. Thereafter, the parties entered into the following document [signatures omitted]:

## "CONTRACT

This contract, made and entered into this 9 day of July, 1975, by and between Danny D. Hayes, Construction Contractor, and the Board of Education of the Bakersfield School District No. RIV County of Ozark, State of Missouri. The Contractor, Danny D. Hayes agrees to rent a 1972 Model 60' × 14' Markwood two-classroom Mobil Unit to the Bakersfield R–IV School District for a period of 12 months beginning July 1, 1975 and ending June 30, 1976.

The rent to be paid for this unit shall be $900.00 per year for each classroom making a total yearly payment of $1800.00 per year for the unit.

This contract entered into and approved this 9th day of July, 1975".

The only evidence pertaining to this document, other than that it was entered into, related to defendants not making any payment on it. In September of 1975, plaintiff appeared at a school board meeting of defendants and demanded the rent payment. He was told he would receive it if he gave defendants the "title, wheels and axle". Apparently plaintiff did not do this and on October 17, 1975, he wrote the school board, demanded $1,800, and said that if it wasn't paid by November 15, 1975, he would remove the trailer from the school property. No payment was made and on January 27, 1976, plaintiff filed his "petition in replevin".

Defendants contend that plaintiff failed to make a submissible case and that their motion for a directed verdict at the close of all the evidence should have been sustained because defendants were entitled to possession under the "contract" as a matter of law. We should first determine if a submissible case was made, as if not, the alleged trial errors become immaterial and the judgment for defendants should be affirmed. *Stuyvesant Insurance Group, Inc. v. Anderson,* 547 S.W.2d 171, 172 (Mo.App. 1977); *Stephens v. Great Southern Savings & Loan Association,* 421 S.W.2d 332, 334 (Mo.App.1967).

Defendants had possession of the trailer at the time suit was filed. They contend that their possession was lawful and plaintiff failed to show that he was entitled to possession when he commenced this action. Replevin is a possessory action and plaintiff must prove his right to possession of the property at the time the suit was filed. *Fawley v. Bailey,* 512 S.W.2d 477, 479 (Mo.App.1974); *Wilks v. Stone,* 339 S.W.2d 590, 594 (Mo.App.1960).

Plaintiff contends that because the "rent" provided for in the "contract" was not paid, the agreement was breached, and he had a right to terminate it and take possession at the time of the suit. Plaintiff does not contend that prior to that alleged termination defendants had no right of possession nor that there was other breach, anticipatory or otherwise, or repudiation of the "contract". The burden of proving breach of a contract rests on the party claiming the breach. *Equity Mutual Insurance Company v. Affiliated Parking, Inc.,* 448 S.W.2d 909, 912 (Mo.App.1969); *Home Trust Co. v. Shapiro,* 228 Mo.App. 266, 64 S.W.2d 717, 726 (1933). Even if we assume that an owner has a right to take possession of a chattel from another for untimely payment of rent without that right being an express part of their agreement, this does not establish that plaintiff here was entitled to possession at the time of suit. The document has no provision as to when payment is to be made. Under the prior oral agreements, payments were made in September and October. However, there was no evidence that this time of payment was agreed to or was to be continued after the "contract", nor evidence as to when payment under it was to be made. When parties reduce their agreement to writing, it is presumed that the instrument contained their entire contract. *Conservative Federal Savings and Loan Association v. Warnecke,* 324 S.W.2d 471, 478 (Mo.App. 1959). We should not enlarge or extend the

agreement. Id. 324 S.W.2d at 480. Nothing is before us to indicate that the writing was not their entire agreement and, if it was, they did not agree on a time for the rent payment.

 In the absence of a different agreement, rent accrues and becomes due at the end of the term. *Bashor v. Turpin,* 506 S.W.2d 412, 421 (Mo.1974); *Ridgley v. Stillwell,* 27 Mo. 128, 134 (1858); *Ostner v. Lynn,* 57 Mo.App. 187, 191 (1894). No such agreement having been shown, the rent was not due until the end of the term, and there was no default in the payment of rent at the time of suit. No right to terminate the "contract" for nonpayment could have occurred at that time. Defendants had lawful possession of the trailer and plaintiff failed to show he was entitled to possession on the date of filing suit. This was a necessary element of plaintiff's case. *Fawley v. Bailey,* supra, 512 S.W.2d at 479. As plaintiff failed to make a submissible case, no point is served in considering the alleged trial errors and the judgment for defendants should be affirmed.

The judgment is affirmed.

All concur, except FLANIGAN, C. J., recused and HOGAN, J., recused and taking no part in the consideration or decision of the appeal.