Raymond C. PHILLIPS et al.,
Plaintiffs–Respondents,

v.

Frances OCKEL et al.,
Defendants–Appellants.

No. 41761.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 18, 1980.

Gerald L. Birnbaum, O'Fallon, for defendants–appellants.

Richard D. Sabbert, St. Charles, for plaintiffs–respondents.

GUNN, Judge.

Defendant–appellant in a replevin action appeals from an adverse judgment of $8,000 for the value of plaintiff's property wrongfully taken. She also appeals from the denial of her counterclaim for past due rent. Three issues are raised on appeal: (1) that plaintiff–respondent failed in his proof of lawful possession or ownership of the property; (2) that plaintiff failed in his proof of value of the property; (3) that the evidence supported defendant's claim for past due rent and that she was entitled to remove plaintiff's property. The evidence supports the trial court's judgment, and we affirm.

The four volumes of trial transcript contain a fulsome quantity of extraneous evidence. The facts determinative of the issues follow. On July 28, 1974 plaintiff leased two acres of land in Warren County from Ockel Enterprises, with Edward Ockel, defendant's son, executing the lease on behalf of the lessor. The term of the lease was for one year with an option for the plaintiff as lessee to renew on notice. Plaintiff testified that a month before the lease expired, he gave notice to Edward Ockel of his intent to renew the lease. After July, 1975, plaintiff continued his machine and auto salvage operations and used car business on the land but paid no rental payments, as agreed, to offset a debt owed to him by Edward Ockel. From July, 1975 to July, 1976, he had no contact with any members of the Ockel family except for a single conversation with defendant in June, 1976. During the June conversation, defendant made no reference to rental pay-

ments or requested that plaintiff vacate the premises.

On July 5, 1976, plaintiff entered the hospital for a ten day stay, and when he returned to his business, all of the personal property had been removed.

Defendant, who now claimed ownership of the land by a divorce settlement, acknowledged removing plaintiff's possessions from the land, contending that he was in arrears in his rent. She testified that she had notified him of his delinquent status, although no mention was made of removing his property which consisted of a farraginous mixture of motor vehicles and trailers, parts, scrap and other items found in salvage yards.

After hearing testimony from plaintiff as to how he had acquired the property, its condition before its removal and its value, the trial court found that plaintiff had been in lawful possession of it;[1] that it had a value of $8,000; that plaintiff at his election could have the return of the property or $8,000. Defendant was denied recovery on her counterclaim.

■ Defendant's first point on appeal is that the trial court erred in finding that the plaintiff was in lawful possession of the items removed from the land as neither ownership nor possession was proved. The substance of defendant's argument is that plaintiff failed to prove clear title to certain of the vehicles which he sought to recover. However, the gist of replevin action is to test plaintiff's right to immediate possession of the chattels and defendant's wrongful detention. Proof of title or ownership is not an inherent element of the action, although it might incidentally become involved. *Taylor v. McNeal*, 523 S.W.2d 148,

150 (Mo.App.1975); *Fawley v. Bailey*, 512 S.W.2d 477, 479 (Mo.App.1974). *See Hayes v. Reorganized School Dist. No. 4*, 590 S.W.2d 115, 116 (Mo.App.1979). Furthermore, the plaintiff's burden of proof is by the preponderance or greater weight of the evidence–not beyond a reasonable doubt. *Travelers Indem. Co. v. Davis*, 537 S.W.2d 189, 192 (Mo.App.1976). In this case, the issue of title to the property was not pled by defendant nor was the issue adjudicated. Title, therefore, was only incidental to the cause as additional evidence of plaintiff's right to possession. *Taylor v. McNeal*, 523 S.W.2d at 150.

■ The lease terms are scanty. It was for a year with a right to renew upon notice. In the event of abandonment, the landlord possessed the right to cancel the lease and clear it at the lessee's cost after the expiration of the lease.[2] The plaintiff testified that he was not in arrears in his rental payments; that he had not abandoned the lease and that he had given notice of his intent to renew it. The defendant testified otherwise. But in this court tried case, the trial court resolves conflicts in testimony, and we are to affirm the judgment unless there is no substantial evidence to support it, or it is against the weight of the evidence or it erroneously declares or applies the law. We are also to consider the evidence in the light most favorable to the judgment. *Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d 481, 483 (Mo. banc 1980).

■ Initially, it appears that defendant cannot really challenge plaintiff's ownership or right of possession to the chattels subject of the action as her answer admits that fact.[3] In such case, plaintiff has made

---

1. The trial court excluded one truck that plaintiff claimed ownership in his petition.

2. The pertinent lease provisions are:

   (2) *Abandonment*: If Lessee shall abandon or vacate said premises before the end of the term of this lease, Landlord may cancel this lease and enter said premises without being liable in any way therefore. Lessee further agrees to post a $1,000.00 bond to cover the costs of cleaning said land in the event said

   Lessee leaves any material on said land after expiration of this lease.

   \*   \*   \*   \*   \*   \*

   (4) *Option to Renew*: Lessee shall have an option to renew this lease, but must give notice of intent to exercise said option 30 days prior to the expiration of said lease.

3. Defendant's answer to plaintiff's petition states: "[t]he Plaintiff had been repeatedly requested to remove *his* personal property from

his case in replevin. *Dieckmann v. Marshall*, 457 S.W.2d 242, 244 (Mo.App.1970).

■ Furthermore, plaintiff testified extensively concerning his acquisition of the property taken from the land by defendant. Much had been purchased from United Parcel Service, and this testimony was corroborated by two former business associates. Other equipment, vehicles and items had been purchased at auction or from private individuals. Plaintiff produced titles to 14 of 23 vehicles. We find that even if plaintiff had no legal title to some of the property, the trial court could properly have found for him on the basis of his testimony, as it was sufficient to establish a special interest in the property giving him superior right of possession over defendant who had no right at all. *See First National Bank of Clayton v. Trimco Metal Products Co.*, 429 S.W.2d 276, 277 (Mo.1968).

■ Arguing that plaintiff can recover only on the strength of his own claim (*Olson v. Penrod*, 493 S.W.2d 673, 676 (Mo.App. 1973)), defendant asserts that a collateral proceeding brought by plaintiff's former partners restraining him from disposing of the property deprived him of a possessory interest in it. Even assuming the presence of some third party's interest in the property, such interest would be insufficient to preclude replevin by plaintiff as against defendant; she has demonstrated no interest–legal or equitable–in the property. *First National Bank of Clayton v. Trimco Metal Products Co.*, 429 S.W.2d at 277.

■ Defendant has premised her possessory interest in the property on an alleged right to use self–help in obtaining security for past due rent. Aside from the evidence supporting the trial court's conclusion that plaintiff was not in arrears in rental payments, defendant's remedy lay within the statutes providing for collection on past due rents and possession of the land–§§ 441.240, 535.010 and 535.020 RSMo 1969 [4] –not in the self–help methods employed. *See Independence Flying Service, Inc. v. Abitz*, 386

S.W.2d 399 (Mo.1965); *Fritts v. Cloud Oak Flooring Co.*, 478 S.W.2d 8 (Mo.App.1972). *See also Hayes v. Reorganized School Dist. No. 4*, 590 S.W.2d at 116, 117.

■ Defendant's second point contends that the trial court erred in assessing damages at $8,000 as the evidence offered did not prove the fair market value at time of trial. As stated in *Riddle v. Dean Machinery Co.*, 564 S.W.2d 238, 259 (Mo.App. 1978), regarding Rule 99, dealing with replevin actions:

> . . . [the Rule] contemplates that upon failure of the defense, the verdict and judgment in a suit for recovery of possession of personal property (replevin) (a) will find and declare the prevailing party's right of possession, (b) determine and assess value of the property at the time of the trial, thus to afford the prevailing party an election to take the property or its assessed value, and (c) determine and assess damages, if any, for taking and detention. Id. at 259.

As noted from the foregoing, property value is to be assessed at the time of trial–not at the time of taking. The exception of this rule is the situation in which the property cannot be fairly valued as of the date of trial, e. g., where the defendant sold, destroyed or disposed of it. *Coonis v. Rogers*, 429 S.W.2d 709, 717 (Mo.1968). Without detailing the abundance of testimony relating to the value of the property, we find that there was sufficient evidence for the trial court to conclude that the property was generally in good condition when removed by defendant and badly deteriorated at the time of trial. Hence, plaintiff's testimony regarding the property value at the time the cause of action accrued was competent evidence of actual damages.

Defendant also complains that plaintiff's evidence of value, which consisted primarily of his own testimony, was too speculative and equivocal to be competent, citing as error the trial court's admission of testimony on the value of motor vehicles without titles.

the above–mentioned premises. . . ." (emphasis added)

4. In effect at the time of the proceedings.

 An owner of property may testify as to its reasonable market value, the better practice being to develop the owner's testimonial qualifications. *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.*, 589 S.W.2d 260, 269 (Mo. banc 1979). The plaintiff testified that he valued the vehicles listed in his petition based on his experience as a dealer, on what other dealers were charging for similar items, newspaper advertisements and dealer blue book prices. He testified that in his opinion the value of the property removed by defendant was $10,000. During direct examination he gave his opinion as to the value of each item listed in his petition. The sum of these individual assessments was approximately $16,815. He admitted that his estimates of value on some items were somewhat conjectural or a statement of what he had paid for them.[5] But from the award, it was apparent that the trial court considered all these matters, including plaintiff's testimonial qualifications. There was sufficient competent evidence as to the value of the property to support the award of damages.

Defendant's third point argues that the trial court erred in denying relief for her counterclaim for rent due and removal and storage charges. We have already discussed the matter of conflicting evidence regarding whether the lease had been extended and whether any rents were due under it. We defer to the trial court's resolution of the conflicts, including the question of whether plaintiff made any admission to others that he owed defendant back rent. *Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d at 483.[6]

 Defendant argues that the expressed provisions of the lease gave her authority to remove plaintiff's property and store it on abandonment of the lease. This contention is without merit. Abandonment requires proof of nonuse of the premises with the intention of relinquishing all property rights. *Northwest Missouri State Fair, Inc. v. Linville*, 448 S.W.2d 274, 279 (Mo. App.1969). Plaintiff's testimony indicates neither nonuse nor intent to relinquish any property rights. His only absence, though the property was in full use for storage and display of stock and equipment during the time, was a short period during which he was in the hospital undergoing surgery. No intent to abandon the property can be inferred at any time, as plaintiff had arranged for individuals, including local police, to keep watch over it until he returned. Defendant's abandonment argument is untenable.

Judgment affirmed.[7]

PUDLOWSKI, P. J., and WEIER, J., concur.

---

**5.** *See Dieckmann v. Marshall*, 457 S.W.2d 242 (Mo.App.1970).

**6.** Plaintiff denied having made any admission to anyone regarding back rents allegedly owed or that he understood or approved an exhibit indicating back rents due.

**7.** Plaintiff's motion for damages for frivolous appeal pursuant to Rule 84.19 is denied. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 789 (Mo. banc 1977).