George L. MONTGOMERY, d/b/a
Montgomery Real Estate
Company, Appellant,

v.

**MEMORIAL PRESBYTERIAN CHURCH**
**and St. Louis Bible Way Church,**
**Respondents.**

No. 44227.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Bernard F. Edwards, Jr., St. Louis, for appellant.

John Rasp, Donald McCullin, St. Louis, for respondents.

CRIST, Judge.

George L. Montgomery (realtor) appeals from an unsuccessful attempt to collect real estate commission from St. Louis Bible Way Church (buyer) and Memorial Presbyterian Church (seller) in a court-tried case. We affirm.

Realtor contends either buyer or seller is liable in quantum meruit because one or the other received an unjust benefit by receiving a valuable service from realtor. In order to recover in quantum meruit, the services rendered by realtor must have been performed under such conditions that either buyer or seller had cause to appreciate that they were not tendered as a gift or performed for some other person, but with the contemplation of remuneration. *Kohn v. Cohn*, 567 S.W.2d 441, 447 (Mo.App.1978). Realtor did not convince the trial court that this was indeed the case. We are to affirm this judgment if there is substantial evidence to justify it. *Phillips v. Ockel*, 609 S.W.2d 228, 231 (Mo.App.1980). Keeping in mind that credibility of witnesses, how much to believe or disbelieve, and the determination of differences in evidence are for the trial court, we believe there was substantial evidence for the court's judgment. *Commerce Bank of Poplar Bluff v. Bulger*, 614 S.W.2d 768, 769–70 (Mo.App.1981).

Seller had church property for sale. Buyer learned of this fact from sources other than realtor. Buyer then had realtor arrange for an inspection of the property. Thereafter a meeting was held between representatives of buyer and seller. At this meeting, seller's pastor expressed his displeasure in dealing with realtor. Buyer, however, continued to use the services of realtor upon assurances from realtor that seller would pay realtor's fee. Realtor prepared a contract for the purchase of seller's property with a provision that seller would pay realtor a commission of three percent of the sale price. Seller refused to agree to pay the commission on the ground realtor was not its agent. Thereafter, buyer and seller closed the contract without realtor being present.

There is no doubt that realtor performed some services, but such services were unsolicited and unwanted by seller. Further, the services were performed with assurances to buyer that seller would pay realtor's fee. Thus, there was substantial evidence that there was no contract of employment, either actual or implied, between realtor and either buyer or seller. Such a contract is the critical ingredient for recovery. *Kohn v. Cohn, supra* at 446.

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.