**NORRIS FRIDLEY REAL ESTATE, INC., et al., Plaintiffs/Appellants,**

v.

**The ESTATE OF William J. BIERMAN, Sr., et al., Defendants/Respondents.**

No. 52694.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 2, 1988.

Application to Transfer Denied
April 19, 1988.

David L. Baylard, P. Daniel Billington, Briegel, Dempsey, Baylard and Patane, P.C., Union, for plaintiffs/appellants.

Charles E. Hansen, Union, for defendants/respondents.

CRIST, Judge.

Norris Fridley Real Estate, Inc. (Broker) appeals from a summary judgment granted defendants on Broker's two-count petition for a real estate commission. We affirm.

On July 3, 1985, William Bierman, Sr. (Decedent) signed a six-month exclusive listing contract with Broker. By the terms of that contract Broker was entitled to a ten percent commission on any sale of the property in the six-month listing period, and on any sale to a buyer submitted by Broker during an additional ninety days. The contract states Decedent sought to sell the property for $253,000. On or about July 20, 1985, Broker submitted a contract to Decedent from Frank and Connie Terschluse (Buyers). Buyers offered Decedent $165,000 for the property. Decedent did not accept Buyers' offer.

Decedent died on November 28, 1985. At the time of his death the property had not been sold. The six-month exclusive listing agreement expired by its own terms on January 3, 1986. The personal representative of Decedent's estate notified Broker of the termination on January 16, 1986. Ninety days after January 3 was April 3, 1986, and ninety days after January 16 was April 16, 1986. A sale of the property to Buyers was agreed upon on April 25, 1986, at a price of $165,000. At the time of the hearing there had not yet been a closing on the property.

Broker brought suit against Decedent's estate and his heirs for ten percent of the $165,000 sale price in a two-count petition. The first count based on the July 3, 1985 contract between Broker and Decedent, the second on the theory of quantum meruit. The trial court granted defendants' motion for summary judgment on the grounds that any "claim under the July 3, 1985 contract ... expired no later than April 3, 1986"; and the "claim in quantum meruit ... will not lie since the farm was not sold and defendants were not benefited or enriched by plaintiffs [sic] efforts during the contract period." Broker sought reconsideration of the adverse ruling on the ground defendants' attorney admitted a sale contract had been entered into on April 25, 1986.

In reviewing a summary judgment we view the record in the light most favorable to the party opposing the judgment, but we must affirm the judgment if it is sustainable on any theory. *City of Wright City v. Cencom of Eastern Missouri, Inc.,* 699 S.W.2d 41, 42 [1, 2] (Mo.App.1985).

█ The right of a real estate broker to a commission is dependent on the terms of the listing agreement. *Ham v. Morris,* 711 S.W.2d 187, 189 [1] (Mo.banc 1986). Under no interpretation of the facts was a sale of the property made within the period designated by the July 3, 1985 contract; April 25 is after both April 3 and April 16. Thus, by the terms of Broker's listing agreement there is no right to a commission.

█ In Count II Broker seeks to recover under the theory of quantum meruit. Re-covery under this theory is "based on a promise implied in law that a person will pay reasonable and just compensation for valuable services provided at that person's request and/or his approval." *General Aggregate Corp. v. LaBrayere,* 666 S.W.2d 901, 909 [6] (Mo.App.1984); *Montgomery v. Memorial Presbyterian Church,* 634 S.W.2d 201, 202 [1] (Mo.App.1982). Broker had a contract with Decedent. There was no listing contract between Broker and any of the defendants; in fact the personal representative of Decedent's estate explicitly terminated any contractual relationship between Broker and Decedent. There are no grounds for finding an implied contract existed between Broker and defendants.

We do not decide whether the signing of a contract to sell property is a sale, because a sale on April 25, 1986, would not entitle Broker to a commission. Likewise, we do not need to address the denial of Broker's request to amend because amending his petition to allege a sale on April 25, 1986, would not have made any difference.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.