Frank WILSON, et al. Plaintiffs–Appellants,

v.

Joseph P. DOLAN, et al. Defendants–Respondents.

No. 53973.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 20, 1988.

Elbert A. Walton, Jr., St. Louis, for plaintiffs-appellants.

Julius H. Berg, Dennis Buchheit, Clayton, for defendants-respondents.

REINHARD, Judge.

Plaintiffs appeal the judgment for defendants in this court-tried replevin action. We affirm.

Plaintiffs filed their original petition on February 27, 1985. An amended petition was filed July 24, 1985, which defendants answered denying most of plaintiffs' allegations and affirmatively alleging abandonment. Defendants also filed a counterclaim for back rent and damage to property. The trial was first set for the week of November 10, 1986. The trial was reset for the *sixth* time on June 26, 1987, for the week of August 3, 1987. On August 4, 1987, plaintiffs filed an application for continuance based upon plaintiff parties unavailability at trial. Plaintiffs appeared as parties and attorney pro se in an August 5, 1987 trial held in another state while the trial in this case was being heard. The trial court found plaintiffs' affidavit for continuance sufficient and defendants admitted plaintiffs would swear to the facts set out in the affidavit at trial. The court proceeded to try the case pursuant to Rule 65.05.

Plaintiffs presented evidence they were tenants-in-possession of an apartment from August 1982 until October 31, 1984, and owners-in-possession of other realty from May 1984 onward. They alleged they are lawfully entitled to possession of a list of items including a "large chrome pliers", a "set of king size mattresses and box springs", a "large screw driver," and several clothes as well as other items of personalty which were removed from the apartment "on or about October 30, 1984." They made demand on defendants for return of said personalty on November first, second, and fifth of 1984.

Defendants presented evidence they acquired ownership of the apartment on September 24, 1984, and when they inspected the apartment in late September or early October the lower glass pane of the back door was broken out. At that time they gained entry through the back door without a key. Defendants testified the apartment was in a state of disrepair in October and when they entered the apartment in late October to clean it out the "place was a total shambles, [t]here was paper, trash all over the place." They found a couple of dust covered mattresses and a pair of pliers and screwdriver lying on the floor, and a closet containing clothes; clothing piled on the closet floor contained a rat nest.

The court found in favor of defendants on plaintiffs' cause of action and for plaintiffs on defendants' cause of action. Defendants did not appeal. Plaintiffs argue on appeal that they proved their case, and that defendants did not meet their burden of proof on abandonment.

Our standard of review in this court-tried case is to sustain the trial court's judgment "unless there is no substantial evidence to support it, unless it is

against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). And "[w]e ... consider the evidence in the light most favorable to the judgment." *Phillips v. Ockel,* 609 S.W.2d 228, 231 (Mo. App.1980) (*citing Trenton Trust Co. v. Western Surety Co.,* 599 S.W.2d 481, 483 (Mo. banc 1980). On appeal our primary concern is the correctness of the result and not how the trial court reached it. When the trial court does not state what law it is applying, we will affirm its judgment if it is supported by any reasonable theory. *May Department Stores Company v. Adworks, Inc.,* 740 S.W.2d 383, 386 (Mo.App. 1987). In a court-tried replevin action the court is entitled to believe all, part or none of the testimony of any witness. *Commerce Bank of Poplar Bluff v. Bulger,* 614 S.W.2d 768 (Mo.App.1981).

■ While no request for findings of fact and conclusions of law was made, the court did expressly find that "defendants ... have ... nothing of plaintiffs." This finding is consistent with defendants' theory of abandonment. While the testimony differed on the issue of abandonment, the credibility of the witnesses is for the trial court to determine, not us. The court's finding is also consistent with a determination by the court that plaintiffs failed to prove they were entitled to possession of the contested property. We find under the above principles that the trial court's judgment is supported by the evidence.

■ Plaintiffs also argue the court's finding of who had the right to possession of the property is insufficient. We disagree. Plaintiff relies upon *M.F.A. Cooperative Association of Mansfield v. Murray,* 365 S.W.2d 279 (Mo.App.1963) for the proposition that the judgment must contain an express finding of who has the right to possession of the property. *See Id.* at 289. But "the gist of [a] replevin action is to test plaintiff's right to immediate possession of the chattels and defendant's wrongful detention." *Phillips,* 609 S.W.2d at 231. And in no case is the trial court required to make an express finding of

right to possession, unless the party seeking possession prevails. *Id.* at 232. In this case plaintiffs did not prevail and the court expressly found that defendants did not have possession of plaintiffs' property. *Supra.*

■ Plaintiffs also argue the trial court erred in allowing the case to go to trial on the strength of plaintiffs' affidavit for continuance rather than continuing the case. Plaintiffs' base their argument on the practice of courts to grant continuances to attorneys who are set for trials in two places at the same time. They contend a similar practice should be followed when an attorney in one suit is also a party in another.

"The trial court is responsible for controlling the docket and progress of litigation and the granting of a continuance is largely within its discretion." *Collins v. Director of Revenue,* 691 S.W.2d 246, 254 (Mo. banc 1985). "This discretion is necessarily broad; on appeal the trial court's decision is given every possible intendment and will not be set aside unless shown to be abused by arbitrary or capricious exercise.... The mere fact ... counsel may have been engaged elsewhere did not, in and of itself, compel continuation." *Commerce Bank of Mexico, N.A. v. Davidson,* 667 S.W.2d 474, 476 (Mo.App.1984) (citations omitted). The unavoidable absence of a party does not of itself compel a continuance. *Erhart v. Todd,* 325 S.W.2d 750, 753 (Mo.1959). We find nothing in the record to indicate that one of the parties was an attorney, and the court rules do not make special provisions for lawyers who are parties.

In this case the trial had been continued six times before plaintiffs filed their application for continuance; the denial of which they now appeal. The plaintiffs knew or should have known well in advance of the possible conflict in trial settings, but waited until the day before trial to file for a continuance. The court clearly did not abuse its discretion in denying plaintiffs' application for continuance, accepting plain-

tiffs' affidavit as evidence, and trying the case.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.